THE NATIONAL BENEFIT LIFE INSURANCE COMPANY, *Plaintiff in Error,* vs. ANSEL L. BROWN, *Defendant in Error.*

139 So. 193.

En Banc.

Opinion filed November 30, 1931.

*Mack H. Padgett,* for Plaintiff in Error;

*John L. Neeley,* and *Greene S. Johnston, Jr.,* for Defendant in Error.

ELLIS, J.—Ansel L. Brown sued The National Benefit Insurance Company upon a policy of life insurance issued by the corporation upon the life of Frank Blackman with the plaintiff Ansel L. Brown as beneficiary. The policy was issued in the sum of five hundred dollars which the company agreed to pay to the beneficiary in the event of the death of the insured. The declaration alleges that Blackman died in April, 1930, and during his last illness the defendant represented to the plaintiff Brown that as he was of no blood relation to the insured that Brown could recover nothing upon the policy in the event of the death of the insured, and by such representation which is alleged to have been false and with intent to deceive, induced the plaintiff to accept a return of all premiums paid and surrendered the policy for cancellation. The declaration unclearly alleges that Brown demanded of the insurance company the payment of the amount due on the policy. It is inferred from this allegation that the demand was made after Blackman's death, thereupon the insurance company made the false representation to Brown and procured from him the policy for cancellation.

The defendant pleaded first, that it made no such representations as alleged, but on the contrary Brown volun-

tarily returned the policy for cancellation pursuant to his own proposition on the refunding to him by the company of the premiums paid; second, that Brown is estopped from denying the validity of the cancellation of the policy because he did not seek to revive or "keep alive the policy;" third, that Brown procured the policy on the life of Blackman by fraud by representing himself as guardian to Blackman, which was untrue.

All three pleas were stricken on motion. Thereupon four pleas were interposed, the first and third being the general issue and its equivalent; the second averred that Brown had no insurable interest in the life of Blackman, who in his application stated that Brown was his guardian, which was untrue, but defendant relying upon the false representation issued the policy, discovering that the information was untrue as to plaintiff's relationship to the insured so informed the plaintiff who requested a return of the premiums and surrendered the policy for cancellation; fourth, that plea averred that Blackman the insured "renounced" the contract in his lifetime.

The fourth plea was stricken, the second was held bad on demurrer and the parties went to trial on the issues which were that the defendant did not issue the policy, that it did not promise as alleged, and second that there was no fraud perpetrated by false representations or otherwise in obtaining the policy for cancellation.

There was a verdict and judgment for the plaintiff in the sum of five hundred dollars, and the defendant took a writ of error.

There were many assignments of error.

There is no pretense at a compliance with Rule 20 as it became effective in January, 1931. The cause should be dismissed therefore upon that ground. See St. Andrews Bay Lumber Co. vs. Berman, decided at the present term, and in which the rule and its purpose was expressed in an able and lucid opinion by Mr. Justice Brown.

We have, however, examined the record with a view of making a careful review of the entire case. The judgment is for a greater sum than the verdict and interest and seems to have been increased by the allowance of Attorneys fees, which were fixed by the jury in its verdict as required by Section 6220 Compiled General Laws, 1927. This matter is controlled by the statute above cited which dispenses with the necessity of pleading the liability. There was no error in sustaining demurrer to and motions to strike the pleas which attempted to set up the defense of a lack of insurable interest in the beneficiary. While the contract of insurance provides that the beneficiary must have an insurable interest, and public policy requires it, it is incumbent upon the defense to aver that the plaintiff had no insurable interest such as was designated upon the application or which would justify his position as beneficiary.

The plea merely averred that the plaintiff had no insurable interest as guardian. It did not exclude the idea of an insurable interest in any other capacity which would have answered the requirements of law.

No error complained of in the assignments of error seems to have resulted in a miscarriage of justice.

So the judgment is affirmed.

BUFORD, C.J., AND WHITFIELD, TERRELL AND DAVIS, J.J., concur.

BROWN, J., not participating.