NEW AMSTERDAM CASUALTY COMPANY v. SUSIE G. JAMES, *et al.*

166 So. 813.
Division B.
Opinion Filed December 20, 1935.
Rehearing Denied January 14, 1936.

*Claibourne M. Phipps* and *Reginald L. Williams,* for Plaintiff in Error;

*Mabry, Reaves, Carlton & White,* for Defendants in Error.

PER CURIAM.—This case is before us, on writ of error to a judgment of the Circuit Court of Hillsborough County, Florida, in a suit instituted by the defendants in error on a burglary insurance policy issued by plaintiff in error.

The declaration was clearly drawn so as to keep the case within the jurisdiction of the State Court and to avoid litigation in the Federal Courts. The *ad damnum* clause was

in the amount of the sum of $2999.00. The insurance policy was attached to and made a part of the declaration.

Bill of particulars attached to the declaration showed the value of the property alleged to have been lost by burglary to be in the sum of $4323.50.

The plaintiff in error first contends that a certain witness was not qualified as an expert to testify as to his opinion of the value of the property stolen, which consisted of diamond rings, a diamond brooch and a wrist watch with diamond settings.

The witness whose testimony was specifically objected to was one P. O. Wilson.

To qualify as a witness to testify as to the value of diamonds, the record shows the testimony of Mr. Wilson to have been as follows:

"Q. Mr. Wilson, what experience, if any, have you had in the purchase and sale of diamonds.

"A. Well, I guess I would be what the legitimate jewelry store would call a kind of trafficker in diamonds. I was traveling for a grocery house and swapped and traded and bought diamonds on the road at various places and resold them. There was a time when business was better I would handle many diamonds a year, of different descriptions, brooches, pins and so forth.

"Q. Do you know how to measure the size of a diamond?

"A. Yes, sir, they have a regular diamond gauge. The most of them are made out of aluminum or celluloid and they have gauge base, and the diamond would just fit right over the base and you have a pair of calipers that you caliper the inside and outside of it. I believe the jewelry people have said that it was within five or ten points correct without taking it out of the mounting and weighing it."

"Q. Did you from time to time carry one of these calipers with you?

"A. Yes sir, when I was trafficking around in diamonds and diamonds were a little better and I could sell them I had one with me all the time.

"Q. How many would you say you have sold during a year?

"A. At times I guess I would average about one hundred in a year's time. I am not talking about over a period of years now.

"Q. Over how many years had you been carrying on that business?

"A. Well, I trafficked along in them for four or five or six years possibly. Of course, the last four or five years there really has not been any demand for diamonds because folks have not had the money to buy them.

"Q. You are familiar with the value of diamonds?

"A. Yes sir, I have put my money in them many a time.

"Q. Your dealings with diamonds have been quite extensive?

"Q. Yes sir.

"Q. Do you know how to grade diamonds with reference to quality apart from size?

"A. Yes sir."

We think this clearly showed that Mr. Wilson was qualified to testify concerning the value of diamonds.

Second, it is contended that it was not proper to permit a witness to testify as to the value of perfect diamonds of similar size where no proper evidence was before the jury that the stones involved were perfect. As the record does not show that there was no evidence before the jury that the stones involved were not perfect, but there is evidence

to show that the stones involved were perfect stones, and that evidence was not contradicted, the objection is not tenable.

It is next contended that the court erred in entering judgment for attorney's fees in this suit where there was no allegation concerning attorney's fees in the declaration. This point has been settled adversely to the contention of the plaintiff in error under the provisions of Section 4263 R. G. S., 6220 C. G. L., in the opinion and judgment of this Court in the case of The National Benefit Life Insurance Co., v. Ansel L. Brown, 103 Fla. 758, 139 Sou. 193, in which we said:

"The judgment is for a greater sum than the verdict and interest and seems to have been increased by the allowance of attorney's fees, which were fixed by the jury in its verdict as required by Section 6220, Compiled General Laws, 1927. This matter is controlled by the statute above cited which dispenses with the necessity of pleading the liability."

The next contention is that it was error for the court to allow introduced in evidence certain photographs of the fingerprints which were not shown by the evidence to be those of an intruder upon the premises. We think there was no error in admitting this evidence because the record shows that the photographs were not the photographs of fingerprints of members of the family who had access to the building.

It is next contended that the Circuit Court erred in refusing to allow defendant to introduce in evidence a bill of complaint for divorce filed by the wife against the husband (the wife being the beneficiary in the insurance policy) alleging that before and after the date of the suposed burglary her husband had been abusive and had accused her

of improper relations with other men, such evidence being offered upon the theory that it might shed some light upon circumstances which had been theretofore shown in evidence, to-wit, that there were large footprints back of some shrubbery in the yard found there immediately after the burglary was committed. We can imagine no theory under which the allegations in such divorce bill would have been material evidence in this case.

The same observation applies to the next contention that it was error for the court to refuse to permit defendant's counsel to interrogate the plaintiff wife and the plaintiff husband with reference to their relations with each other and charges of improper relations made by one against the other before and after the commission of the burglary.

It is next contended that the court committed error in declining to require the plaintiff to elect which of the particular items of property alleged to have been stolen she would rely upon for recovery in this suit. There was clearly no error or abuse of discretion in the court in refusing to require the plaintiff to so elect. The evidence showed that all the property alleged to have been stolen was covered by the insurance policy. It also showed that all of the property had been stolen and as long as she was not suiug for the full value of all the property but was suing for loss of property by reason of the burglary which was of greater aggregate value than the amount sued for, she had the right to recover on all the items up to the amount limited by her declaration.

The next contention is that the evidence was not sufficient to establish the occurrence of the alleged burglary. The evidence was entirely sufficient to establish the occurrence and there was no evidence to the contrary.

The last contention presents the same question. It is

argued by counsel, that the evidence of the occurrence of the burglary was inherently improbable and unworthy of belief. We cannot agree with this contention. On the other hand, it appears to us that there was no reason offered to create doubt of the truth of the testimony.

The judgment should be affirmed and it is so ordered.

Affirmed.

ELLIS, P. J., and TRAMMELL and BUFORD, J. J., concur.

WHITFIELD, C. J., and BROWN and DAVIS, J. J., concur in the opinion and judgment.

DAVIS, J. (concurring).—The seventh assignment of error clearly raises the question whether or not attorney's fees, provided by Section 6220 C. G. L., 4263 R. G. S., to be recoverable upon the rendition of any decree or judgment by any of the courts of this state against insurance companies, must be expressly pleaded in the declaration as a claim upon which recovery is sought or can be recovered in the action without such special pleading, merely by claiming them as an element of damage within the general *ad damnum* clause of the declaration.

In U. S. Fire Ins. Co. v. Dickerson, 82 Fla. 442, 90 Sou. Rep. 621, Judge ELLIS, speaking for this court in that opinion, has clearly committed us to the doctrine that "the correct practice is to make a claim in the declaration for attorney's fees under the statute." However, in that case, there was no such allegation set forth in the declaration, notwithstanding which, this Court refused to reverse the judgment because the indicated "proper practice" was not followed, and in the late case of The National Benefit Life Ins. Co. v. Brown, 103 Fla. 758, 139 Sou. Rep. 193, this Court, again speaking through Mr. Justice ELLIS on the point, has observed on the point of "proper practice" involved, that "the statute * * * dispenses with the necessity

of pleading the liability" for attorney's fees in order to make them recoverable in a common law action in which the plaintiff has recovered judgment.

. My personal view is that the claim for attorney's fees ought to be laid in the declaration, and that if not so laid, that no recovery for same should be allowed. However, in view of the last expression of this Court on the subject in the National Benefit Life Ins. Company case, *supra,* I cannot reach the conclusion that the Circuit Court was in error when he followed what this court had in its latest opinion approved, even though in an earlier opinion it had implied that the proper practice was to the contrary.

My suggestion is that the bar can allay this question in future cases by simply pleading the claim in the declaration, which is certainly "proper" if not "indispensable" practice, and thereby avoid confusion in the law on this point due to the fact that a tremendously overworked Supreme Court cannot always *sua sponte* recollect everything that it may have said in the past on a particular point and .for that reason may be put in the light of bringing about an inconsistency in its own decisions when the attorneys briefing a case fail to cite all past cases on the precise point.

BROWN, J. (concurring).—I think this court might announce in this case, definitely, that in future cases the principle announced in U. S. Fire Ins. Co. v. Dickerson, 82 Fla. 442, 90 So. 621, will be strictly applied. In view of the holding in 103 Fla. 758, 139 So. 193, it would not be proper to apply the rule laid down in the Dickerson case to the case at bar. There was no reversal in the Dickerson case, on account of the violation of the rule, because in that case the parties had agreed during the trial as to the amount of attorney's fees to be allowed in case of recovery by the plaintiff.