166 So. 813

## SALVADOR v. STATE.

### 7 Div. 148.

Court of Appeals of Alabama.

March 17, 1936.

Motley & Motley, of Gadsden, for appellant.

A. A. Carmichael, Atty. Gen., for the State.

Brief did not reach the Reporter.

SAMFORD, Judge.

The insistence is here made that there is no evidence of a burglary on the part of this appellant. On this question it is shown that the storehouse, etc., of the Louisville & Nashville Railroad Company was closed up by the watchman about 7:30 p. m. and the doors were locked. At about 8:30 p. m. four men were seen by a man named Hall at the house alleged to have been burglarized, and they ran off.

Hall went to the hosiery mill, procured a pistol, and in fifteen minutes he was back at the house. He found the north door open, which he entered and concealed himself under a table, after calling the police. In five minutes after Hall was concealed, defendant and one Stagg entered through the door, defendant going to within three feet of the iron safe with an eight pound sledge in his hand and some steel punches. There was evidence that the north door had been "jimmied" or forced open with an iron bar, after having been locked by the watchman about 7:30 p. m. The fact that the door to the house had been forced open, that the parties ran off when Hall came up, and within a few minutes defendant and Stagg entered through the door, which had shortly theretofore been broken with tools indicating an intention to break into the iron safe, was sufficient evidence from which the jury might legally infer that defendant was one of the parties who broke open the door and prepared the way for entrance to the building. For the above reasons, the general charge was properly refused, and for the reason that refused charge 3 ignores the inferences to be drawn from the evidence its refusal was not error.

The judgment is affirmed.

Affirmed.