WALDEN, C. J.
This cause involves a motion for attorney’s fees filed pursuant to F.S.A. § 627.-0127.
Plaintiff filed an amended complaint on November 19, 1965, seeking damages against Defendant-Rodgers and his own insurance carrier under the uninsured motorist provision of his policy. Nowhere in the amended complaint was there a request for attorney’s fees.
The case went to trial before the court without a jury. During the proceedings no mention was made of attorney’s fees. On August 12, 1966, a final judgment was entered for the plaintiff. On August 14, 1966, plaintiff filed his motion for costs and attorney’s fees. The court, by order dated September 16, 1966, denied plaintiff’s motion. It is this order which is here appealed.
Simply presented, the issue is whether it is necessary, in order to obtain attorney’s fees under F.S.A. § 627.0127, to make a specific demand in the pleadings for such attorney’s fees.
At first we were inclined to affirm the trial court’s order on the basis that attorney’s fees are special damages and, therefore, must be specially pleaded. However, a series of three Supreme Court cases leaves us with the impression that we have no alternative but to reverse.
These three cases deal with an award of attorney’s fees under the statutory predecessor of F.S.A. § 627.0127, which for present purposes is identical to the present section.
In United States Fire Insurance Co. v. Dickerson, 1921, 82 Fla. 442, 90 So. 613, the plaintiff did not make a demand for attorney’s fees in a declaration upon an insurance policy. The court noted that the correct practice would be to make a claim in the declaration for attorney’s fees under the statute, but declined to reverse the award since the parties had agreed among themselves what sum constituted a reasonable attorney’s fee. Additionally, the court noted that “[i]f the judgment should be reversed on this point, however, it would be reversed with directions to permit the plaintiff to file an amendment to his declaration and claim a reasonable attorney’s fee. * * * ”
Some years later the Supreme Court considered a similar situation in National Beneficial Life Insurance Company v. Brown, 1931, 103 Fla. 758, 139 So. 193. The judgment awarded was for a greater sum than the verdict and interest and “seems to have been increased by the allowance of Attorneys fees, which were fixed by the jury in its verdict as required by [predecessor of § 627.0127]. This matter is controlled by the statute above cited which dispenses with the necessity of pleading the liability.(Emphasis added.)
The final case in this trilogy is New Amsterdam Casualty Company v. James, 1936, 122 Fla. 710, 166 So. 813. Again there was no allegation concerning attorney’s fees in the declaration. The defendant assigned as error the court’s entering judgment for attorney’s fees. The Supreme Court stated that this point had been settled adversely to the contention of the defendant and quoted the above material from the Brown case.
Under authority of the above-mentioned cases we must reverse and remand for a finding of reasonable attorney’s fees to be awarded appellant.
Reversed.
ANDREWS and CROSS, JJ., concur.