DREW, Justice
(concurring specially).
This conflict certiorari proceeding presents the sole issue of whether it is necessary for the plaintiff in order to obtain attorneys fees under F.S.A. 62^.-0127 to make a specific demand in the pleadings therefor. The District Court of Appeal, 4th District, in the opinion under consideration[1] held “a series of three Supreme Court cases leaves us with the impression that we have no alternative but to reverse” and direct the trial court, which had denied attorneys fees because of a failure to make demand therefor in the pleadings, to assess a reasonable attorneys fee. I can well understand the confusion of the District Court in the consideration of the three cases referred to.[2] The decision now under review predicates its reversal upon the New Amsterdam case. In that case, relying solely on the National Benefit Life case, this Court said a demand for such fees in the pleadings was no longer necessary. An examination of the original record in the National Benefit case, however, discloses that, while the specific holding there was “this matter is controlled by the statute above cited, which dispenses with the necessity of pleading the liability”, the declaration in that case did have a specific claim for attorneys fees and that attorneys fees in the sum of $200 were in fact awarded by the jury in its verdict. The author of that opinion and of the opinion in the United States Fire Insurance Company case was the same. In the latter case the requirement that specific demand must be made in the pleadings in order to recover such fees was clearly set forth. In the dissenting opinions of Justice Davis and Justice Brown in the New Amsterdam case, the same thought was expressed.
The statute in effect at the time these three cases were decided provided that the amount to be awarded for attorneys fees would be fixed by the chancellor in chancery cases and the jury in common law cases and should be included in the judgment. The statute has since been amended *558 to «read as it now appears in Florida Statutes 1965 to the effect that “upon the rendition of a judgment or decree * * * the trial judge shall adjudge or decree against the insurer * * * a reasonable sum as fees * * Not only has the statute been substantially altered but this Court has now dispensed with the procedural distinction between law and equity.
In the situation above related I think the attorney for the insured in this case was entitled to conclude that it was not necessary to make a specific demand in his pleadings for the recovery of attorneys fees. The District Court’s decision sending the case back for the assessment of a reasonable fee was proper under the circumstances.
I think this Court should go further than a mere denial of certiorari without opinion. To prevent further confusion in this area and to provide an orderly procedure under Section 627.0127, Florida Statutes 1965, F.S.A.[3] pursuant to the authority vested in this Court to adopt rules of practice and procedure for the courts of this State under the Constitution,[4] in all causes of action involving the assessment of attorneys fees under Section 627.-0127 filed subsequent to July 1, 1968, I would require, by appropriate amendment to the rules, that the plaintiff make demand in his complaint for the recovery of fees under the statute. In the event of a verdict favorable to the plaintiff, the trial court could, prior to the entry of a judgment, hear evidence upon the question of the reasonableness of such fees and award such amount as he found reasonable in the final judgment to be entered in said cause as a part of the total damages entered in said cause. This, it seems to me, is what the statute meant to do.
The majority do not dispose of the application for fees here filed by the respondent for services pursuant to Chapter 67-400, Acts of 1967.[5] Inasmuch as this petition was not filed at or before the time of filing respondent’s first brief in this cause as required by Rule 3.16, subd. e, Florida Appellate Rules, 32 F.S.A., I think the request should be denied. Such disposition would dispense with the necessity of deciding whether such fees would in any event be allowable in this cause under the 1967 amendment which became effective July 26, 1967, some time subsequent to the filing of this case in the trial court.
These are my reasons for agreeing to the ultimate action of the majority in the denial of certiorari.
PER CURIAM.
Upon consideration of the petition for attorney’s fees herein pursuant to the provisions of Section 627.0127, Florida Statutes 1967, F.S.A., it is
Ordered that the attorney for the respondent be and he is hereby awarded attorney’s fees for services herein in the sum of $350.00.
It is so ordered.
ROBERTS, DREW, THORNAL and ADAMS, JJ., concur.
CALDWELL, C. J., and THOMAS and ERVIN, JJ., dissent.
PER CURIAM.
On consideration of the two petitions for rehearing in this cause, it is
*559 Ordered that the petition for rehearing with respect to the entry of the order awarding attorney’s fees is granted, the order herein filed May 29, 1968 awarding attorney’s fees to the respondent in the sum of $350.00 is hereby vacated, set aside and held for naught. The other petition is denied.
The application for attorney’s fees, not having been filed at the time of the filing of the respondent’s first brief in this cause as required by Rule 3.16, subd. e, Florida Appellate Rules, 32 F.S.A., be and the same is hereby denied.
It is so ordered.
CALDWELL, C. J., and THOMAS, ROBERTS, DREW, THORNAL, ERVIN and ADAMS, JJ., concur.

. Washington v. Rodgers, Fla.1967, 201 So.2d 636.

. United States Fire Insurance Company v. Dickerson, 1921, 82 Fla. 442, 90 So. 613; National Benefit Life Insurance Company v. Brown, 1931, 103 Fla. 758, 139 So. 193, and New Amsterdam Casualty Co. v. James, 1936, 122 Fla. 710, 166 So. 813.

.This statute was further amended in 1967 to provide for attorneys fees in the appellate courts but we are not concerned with this amendment in this opinion. Ch. 67-400, Acts of 1967, 41st Legislature, Regular Session.

.Art. V, See. 3, Florida Constitution, F.S.A. Also compare Wilson v. McCoy Mfg. Co., Inc., Fla.1954, 69 So.2d 659; Roy v. Wainwright, Fla.1963, 151 So.2d 825, and Younghans v. State, Fla.1956, 90 So.2d 308.

.See Footnote 3.