250 So.2d 291 (1971)
OLD COLONY INSURANCE COMPANY, Appellant,
v.
Iris S. BUNTS, Appellee.
No. 70-815.
District Court of Appeal of Florida, Third District.
July 6, 1971.
*292 Bradford, Williams, McKay, Kimbrell, Hamann & Jennings, and Robert L. Bell, Miami, for appellant.
Alfred Gustinger, Jr., Bolles, Goodwin, Ryskamp & Ware, Miami, for appellee.
Before CHARLES CARROLL, HENDRY and BARKDULL, JJ.
CARROLL, Judge.
The appellee Iris S. Bunts received certain injuries in an automobile accident wherein a collision occurred between an automobile she was driving and an uninsured vehicle driven by one Herbert Kull. Appellee's insurance by the appellant included uninsured motorist coverage. Prosecution of her claim for damages for personal injuries proximately caused by negligence of Kull was undertaken by arbitration as provided for in appellee's insurance contract.
After certain discovery the insurer entertained and expressed a doubt concerning coverage. The arbitration proceeding was continued, and further discovery was undertaken relating to the question of coverage. At that stage of the proceedings the claimant filed an action in the circuit court against her liability indemnity insurer, alleging the uninsured motorist coverage of the policy, the injury caused by the driver Kull, and that the defendant insurer had refused to arbitrate. Plaintiff sought damages against the insurer for her personal injuries, under the uninsured motorist coverage.
The insurer, in its answer to the complaint, conceded liability and requested that the court proceed to try the issues relating to damages. In that regard the answer stated "the only issue for determination now pending before the Court is that of what damages, if any, the Plaintiff, Iris S. Bunts, is entitled to recover from this Defendant; accordingly, the Defendant, Old Colony Insurance Company respectfully prays that this Court take jurisdiction of the abovestyled cause, not only as to liability which is admitted but also as to damages, awarding to the Plaintiff any and all damages which the Plaintiff may be entitled to from this Defendant by reason of the terms and conditions of that policy under which the Defendant furnished the Plaintiff uninsured motorist insurance."
The action resulted in a judgment against the defendant insurer for damages in the amount of $8,000 with inclusion therein of an award of $3,200 for plaintiff's attorney fee, and certain costs. Appealing therefrom the defendant contends the court was without jurisdiction because of the provision in the policy for arbitration of such claim, and that the amount allowed for attorney's fee was excessive and was improper because it did not represent a determination by the court of the reasonable value of the plaintiff's attorney's services in the circumstances of the case, but was based upon a 40% contingent fee agreement between the plaintiff and her attorney.
In the situation presented, in view of the pleadings, it was proper for the court to entertain the cause and to try and determine the damages payable by the insurer. We find no error in that regard.
The appellant's challenge of the attorney's fee allowance has merit. The record discloses the 40% contingent fee contract between the appellee and her attorney. Since the fee allowed was exactly that percentage of the damage award, it is reasonable to assume that the allowance was based on the contingent fee contract. That becomes more evident when it is considered that with the defendant admitting liability and the litigation limited to proofs relating to the elements of damage, an allowance of 40% of the amount of recovery as a fee *293 for the services of the plaintiff's attorney in those proceedings would appear excessive where measured on quantum meruit basis.
Section 627.0127(1) Fla. Stat., F.S.A. provides that when judgment is rendered against an insurer in favor of an insured (or beneficiary under a policy) the court "shall adjudge or decree against the insurer and in favor of the insured or beneficiary a reasonable sum as fees or compensation for the insured's or beneficiary's attorney prosecuting the suit in which the recovery is had." (Italics ours.) That calls for a determination by the court of a reasonable fee as upon quantum meruit.
In Ronlee, Inc. v. P.M. Walker Co., Fla. App. 1961, 129 So.2d 175, this court reversed a fee allowance where the fee awarded was predicated upon a contingent fee contract between the attorney and client. The judgment in that case was not one rendered against an insurer. The basis for the allowance of a fee there was a provision in the contract between the parties to the suit, out of which the litigation arose. Their contract had provided that upon breach thereof the injured party could place the matter in the hands of an attorney for appropriate action in which event the other party agreed to pay to the former his costs and expenses including "attorney's fees incurred by the injured party in his behalf." In that case this court said:
"* * * The amount which a person may agree to pay as a contingent fee ordinarily is not a fair measure of the value of the legal services involved. This is true because, in the case of a contingent fee where nothing will be payable in the absence of recovery, the fee to be paid in the event of recovery usually is set higher than it would be a flat fee for the services actually performed. Also, if a party to a contract such as the one involved in this case could require the defaulting party to pay any fee which the former might arrange with his attorney, he would be inclined to be liberal in contracting with his attorney. * * *"
In a case involving a fee allowed in a judgment against an insurer, under § 627.0127 Fla. Stat., F.S.A., the United States Court of Appeals for the Fifth Circuit reversed a fee award which had been made on the basis of a contingent fee contract between the plaintiff and her lawyer. See Travelers Insurance Company v. Davis, 5 Cir.1969, 411 F.2d 244. In that case the court stated the applicable law on this question, with which we agree as follows:
"* * * Although an allowance thereunder [of attorney's fee under § 627.0127 Fla. Stat., F.S.A.] may be considered as in the nature of a penalty, the general rule in states having such statutes is that the amount assessed should never be based on a contingent contract, such as might exist between a claimant and his attorney, but should represent only a reasonable fee for the services actually performed. * * *
* * * * * *
"* * * In analogous situations the Florida courts have consistently held that `a court is without power to measure an attorney's fee except on the basis of quantum meruit or a quid pro quo.' * * *"
In conformity to the foregoing is the recent decision of this court on this question in Allstate Insurance Company v. Chastain, Fla.App. 1971, 250 So.2d 647.
The appellant made the further contention that costs allowed in the judgment were excessive. Upon consideration thereof we find no reason to disturb that feature of the judgment. The record does not disclose any filed objection to the costs or to individual items of the costs as claimed in the plaintiff's motion to tax costs. The attack thereon in the brief of the appellant is general, and is not directed to specific items included in the costs allowed.
We affirm the judgment as to the damage award and as to the costs. We reverse *294 the attorney's fee allowance as contained in the judgment. Upon remand of the cause the trial court should determine, upon further hearing after notice, the amount to be allowed to the plaintiff as a reasonable fee for the services of her attorney in the action in accordance with the law as above expressed, and amend the judgment accordingly.
Affirmed in part, and reversed in part and remanded for further proceedings.