366 So.2d 1230 (1979)
KAUFMAN AND BROAD HOME SYSTEMS, INC., a Nonprofit Florida Corporation, and Kingsley Modular Homes, Inc., a Florida Corporation, the New England Industries, Inc., a Connecticut Corporation, and Standard Industries, Inc., a New York Corporation, Appellants,
v.
SEBRING AIRPORT AUTHORITY, a Nonprofit Florida Corporation, Appellee.
Nos. 78-91, 78-266.
District Court of Appeal of Florida, Second District.
January 31, 1979.
A.H. Lane, of Lane, Massey, Trohn, Clarke, Bertrand & Smith, Lakeland, for appellant Kaufman and Broad Home Systems, Inc.
Robin Gibson, of Gibson & Connor, Lake Wales, for appellee Sebring Airport Authority.
BOARDMAN, Acting Chief Judge.
Appellee/plaintiff Sebring Airport Authority (Authority) brought an action against appellee/defendant Kaufman and Broad Home Systems, Inc. (KBHS), and others not active parties to this appeal, to collect arrearages in rent due Authority under a written lease agreement. In the *1231 lease upon which the suit was instituted KBHS agreed, among other things, to pay a reasonable attorney's fee to the attorney for Authority if it was necessary to bring suit to enforce payment of the rent. The pertinent provision provides:
[I]n case of failure of the Lessee to pay rent herein reserved, when the same shall become due and the same is collected by suit, or through an attorney, the Lessee agrees to pay the Lessor's reasonable attorney's fee for services of its attorney in collecting said rentals, together with all costs and charges thereof.
Following a hearing on the issue of attorney's fee where testimony was taken from four experienced and outstanding local members of the Florida Bar as to a reasonable fee, the trial court awarded Authority the sum of $52,500 attorney's fee. It was stipulated by both parties that the attorney for appellee expended a total of 155 hours on this case. Therefore, he was compensated at $340 per hour.
The only issue presented for our consideration is whether that fee is a reasonable one under the particular circumstances involved in this case. The underlying question in the case before us is whether a reasonable attorney's fee for collection of rent agreed to by a client and its attorney under a contingent fee contract necessarily constitutes a reasonable attorney's fee for collection of rent agreed to by a lessor and lessee under a lease agreement.
This court has recently held that it does not. Universal Underwriters Insurance Co. v. Gorgei Enterprises, Inc., 345 So.2d 412 (Fla.2d DCA 1977). While a contingent contract such as the one agreed to by appellee and its attorney may be reasonable and enforceable as to the client as a party to that contract, the reasonableness of the attorney's fee as to a third party liable for those fees is determined by a fair measure of the value of the services actually performed by the attorney. Ronlee, Inc. v. P.M. Walker Co., 129 So.2d 175 (Fla.3d DCA 1961). The "fact that the attorney was working on a contingency basis may properly be weighed in determining the amount of a reasonable fee. However, this is only one of a number of criteria which should be considered." Universal Underwriters Ins. Co. v. Cargie Enterprises, Inc., supra, at 414. See also Insurance Company of North America v. Welch, 266 So.2d 164 (Fla.4th DCA 1972). The other criteria are those set out in Canon 2, DR2-106(B) of the Code of Professional Responsibility promulgated by the Supreme Court of Florida. See, e.g., Dade County v. Oolite Rock Co., 348 So.2d 902 (Fla.3d DCA 1977).
We point out that counsel for Authority was able, industrious, resourceful, skillful, and certainly successful. A settlement of more than $415,000 was finally reached, and this result speaks for itself. Authority had entered into a contingency fee contract with its attorney providing for 25% of a full recovery, which for practical purposes was accomplished, or 33 1/3% of a significantly lesser recovery. The attorney had offered his services at a rate of $75 per hour in lieu of the contingent fee arrangement. Authority made the choice and opted for the contingent fee. We do not intend that this decision preclude Authority's attorney from insisting upon his client fulfilling its obligation under the contingent fee contract.
Three witnesses testified as experts for Authority. Each of them testified that the contingent fee was reasonable in view of the work and services the attorney was expected to undertake. Indeed, as to the contingent fee contract between Authority and its attorney there is no dispute but that it was a reasonable fee arrangement. One of appellee's witnesses testified that Authority could have obtained competent counsel for $100/hour; the other two witnesses testified that their usual fee and the customary fee in the area for such services was between $60 and $65 per hour. The expert witness called by KBHS testified that in his opinion a reasonable fee for this case was between $17,500 and $20,000, loosely figured on a rate of $100 per hour.
Taking into consideration that relevant criteria applicable to setting fees for legal *1232 services, we are compelled to evaluate an award of $340 per hour as being excessive. See R.H. Coody & Associates, Inc. v. Shelton, 352 So.2d 852 (Fla. 1977).
We reverse the award of attorney's fee and remand to the trial court for a redetermination of attorney's fee based on the guidelines set out in this opinion.
REVERSED and REMANDED.
RYDER and DANAHY, JJ., concur.