389 So.2d 222 (1980)
OCALA MUSIC & MARINE CENTER, Appellant,
v.
Harold D. CALDWELL, Appellee.
No. 79-308.
District Court of Appeal of Florida, Fifth District.
September 17, 1980.
Rehearing Denied October 21, 1980.
Phil Trovillo, P.A., Ocala, for appellant.
William C. Haldin, Jr., of Matthies & Cross, P.A., Ocala, for appellee.
COBB, Judge.
Caldwell sued Ocala Music & Marine Center, Inc. (hereafter Ocala Marine) for fraud and for deceptive trade practices[1] relating to an outboard motor. The complaint included a plea for the statutory attorney's fees provided for by the Deceptive And Unfair Trade Practices Act.[2]
*223 Ocala Marine answered without requesting any statutory attorney's fees. It subsequently filed a counterclaim for quantum meruit that included a prayer for attorney's fees in the absence of any justiciable issue.[3]
A judgment was rendered in favor of Ocala Marine on the complaint and in favor of Caldwell on the counterclaim. Although Ocala Marine was the prevailing party on the deceptive trade practices claim, the trial court did not award it any attorney's fees on the ground that Ocala Marine had failed to plead for attorney's fees. Ocala Marine appeals.
According to our Florida Supreme Court, although it is the better practice to plead attorney's fees, a party is not required to plead them where they are allowed by statute. Washington v. Rogers, 201 So.2d 636 (Fla. 4th DCA 1967), cert. denied sub nom., Prudence Mut. Cas. Co. v. Washington, 211 So.2d 556 (Fla. 1968); New Amsterdam Cas. Co. v. James, 122 Fla. 710, 166 So. 813 (1936); National Benefit Life Ins. Co. v. Brown, 103 Fla. 758, 139 So. 193 (1931).[4]
Therefore, we reverse that portion of the final judgment that denied Ocala Marine attorney's fees. We remand this case to the trial court for a proper determination and award of those fees.
REVERSED and REMANDED.
FRANK D. UPCHURCH, Jr., and COWART, JJ., concur.
NOTES
[1] § 501.201, Fla. Stat. (1977), et seq.
[2] § 501.210, Fla. Stat. (1977).
[3] § 57.105, Fla. Stat. (Supp. 1978).
[4] Contra, Johnson v. Johnson, 346 So.2d 591 (Fla. 1st DCA 1977); Price v. Boden, 39 Fla. 218, 22 So. 657 (1897); 12 Fla.Jur.2d Costs § 31 (1979); The Florida Bar, "Florida Civil Practice Damages" § 9.8 (2d ed. 1980).