398 So.2d 485 (1981)
AUTORICO, INC., a Florida Corporation D/B/a Miami Fiat, Appellant,
v.
GOVERNMENT EMPLOYEES INSURANCE COMPANY, As Subrogee of Derrick Chung, Appellee.
No. 80-764.
District Court of Appeal of Florida, Third District.
May 19, 1981.
*486 Jerry B. Schreiber, Miami, for appellant.
Robert B. Ely, Coral Gables, for appellee.
Before HUBBART, C.J., and SCHWARTZ, J., and LILES, WOODIE A. (Ret.), Associate Judge.
HUBBART, Chief Judge.
We once again face issues which arise from the application of Section 57.105, Florida Statutes (1979), authorizing the award of attorney's fees to the prevailing party in a civil litigation where the losing party raises nothing but frivolous issues. For the reasons which follow, we conclude that: (1) it is not a prerequisite to an attorney's fee award under the above statute that the prevailing party in a civil litigation specifically plead in its complaint or answer its entitlement to such attorneys' fees, so long as a motion requesting such fees is filed at the conclusion of the litigation and is thereafter heard by the trial court upon proper notice; (2) it is not a prerequisite to an attorney's fee award under the above statute that the trial court specifically find in so many words that there was a complete absence of a justiciable issue of law or fact raised by the losing party, so long as the trial court grants a motion for such fees based solely on the authority of the above statute; (3) the trial court in setting a reasonable attorney's fee under the above statute may consider the existence of a contingent fee contract between the prevailing party and its attorney but such contract is not conclusively binding upon the court. We, accordingly, affirm on the main appeal and reverse on the cross appeal in the instant case.

I
The plaintiff Government Employees Insurance Company ["GEICO"], as subrogee of its insured Derrick Chung, brought suit against the defendant Autorico, Inc., d/b/a Miami Fiat ["Autorico"] for negligence, breach of implied warranty and strict liability in tort, claiming that the defendant Autorico had sold a defective automobile to the plaintiff GEICO's subrogee Chung, which car self-destructed by fire after having been driven 10 miles after purchase. The defendant Autorico answered, generally *487 denying the allegations of fact in the complaint and raising the affirmative defense of estoppel; also, the defendant Autorico filed a third party complaint against its insurer Travelers Indemnity Company claiming insurance coverage for any liability arising from the above incident.
The case was tried non-jury in which the plaintiff GEICO was represented by counsel. Said counsel had a contingent fee agreement with the plaintiff GEICO entitling counsel to 1/3 of any net recovery obtained in the action. The trial court entered a final judgment, after trial, in favor of the plaintiff GEICO in the amount of $2,650; the trial court also entered a final judgment on the third party complaint finding no insurance coverage therein but obligating Travelers Indemnity Company to pay all attorney's fees and costs incurred by the defendant Autorico in defending the action.[1]
The plaintiff GEICO filed a motion to assess attorney's fees against the defendant Autorico under Section 57.105, Florida Statutes (1979), claiming that the defenses raised in the cause were frivolous. This motion was filed after the entry of the above final judgment in favor of the plaintiff GEICO; no request for said attorney's fees have been pled by the plaintiff GEICO in its operative complaint. A hearing was held below on said motion upon proper notice. The trial court granted the motion, found that a reasonable attorney's fee in this case was $2,150, but awarded an attorney's fee in the amount of $883.33 in accord with the contingency fee contract entered into between the plaintiff GEICO and its attorney.

II
The defendant Autorico appeals claiming no liability for payment of attorney's fees under Section 57.105, Florida Statutes (1979) because: (a) the plaintiff GEICO did not specifically plead an entitlement to said fees in his operative complaint; and, (b) the trial court made no specific finding in the order setting attorney's fees that there was a complete absence of a justiciable issue of either law or fact raised by the losing party. It should be noted that no contention is made here that the plaintiff GEICO was not otherwise entitled to attorney's fees under the above statute. For the reasons which follow, we reject the defendant's contentions herein and affirm on the main appeal.

A
The law in Florida appears clear that where a party is entitled by statute to an award of attorney's fees in an action, it is not essential, but only better practice, that the party seeking such fees plead its entitlement to same in its complaint or answer. Indeed, a trial court is required to award statutory attorney's fees pursuant to proper motion upon due process notice and hearing, although said fees have not been specifically pled in the complaint or answer. Ocala Music & Marine Center v. Caldwell, 389 So.2d 222, 223 (Fla. 5th DCA 1980); Washington v. Rodgers, 201 So.2d 636 (Fla. 4th DCA 1967), cert. denied sub nom., Prudential Mutual Casualty Co. v. Washington, 211 So.2d 556 (Fla. 1968), citing a trilogy of Supreme Court cases; New Amsterdam Casualty Co. v. James, 122 Fla. 710, 166 So. 813 (1936); National Benefit Life Insurance Co. v. Brown, 103 Fla. 758, 139 So. 193 (1931); United States Fire Insurance Co. v. Dickerson, 82 Fla. 442, 90 So. 613 (1921); but cf., Johnson v. Johnson, 346 So.2d 591 (Fla. 1st DCA 1977); Price v. Boden, 39 Fla. 218, 22 So. 657 (1897).
This line of authority seems particularly apt when applied, as here, to a statutory attorney's fee award under Section 57.105, Florida Statutes (1979). There is certainly no way for a litigant to know in advance whether the adverse party will raise nothing but frivolous issues in a civil case and, therefore, to plead in good faith its entitlement to attorney's fees under Section 57.105, Florida Statutes (1979). Indeed, we think it is best to presume good motives on the part of one's adversary even on what appears to be an open and shut case. It is *488 only after the case has been terminated that a sensible judgment can be made by a party as to whether the adverse party raised nothing but frivolous issues in the cause, and, if so, to file an appropriate motion, as here, seeking an entitlement to said attorney's fees under Section 57.105, Florida Statutes (1979).
In the instant case, the plaintiff GEICO did not plead its entitlement to attorney's fees under Section 57.105, Florida Statutes (1979), in its operative complaint, but subsequent to trial it filed a proper motion for the assessment of attorney's fees under the above statute. The defendant Autorico received proper notice below on said motion, and the trial court after hearing elected to grant the motion. We cannot say that under these circumstances the defendant Autorico was denied due process notice and hearing with respect to the attorney's fee award in this cause. Indeed, it is our view that the plaintiff GEICO proceeded properly below in all respects.

B
The law also seems clear that an order awarding attorney's fees under Section 57.105, Florida Statutes (1979), must contain a finding that there was a complete absence of justiciable issue of either law or fact raised by the losing party. City of Miami Beach v. Town of Bay Harbor Islands, 380 So.2d 1112 (Fla. 3d DCA 1980). Such a finding, however, is implicit in an order which grants a motion for said fees based entirely upon the above statute. As such, the trial court herein made the required statutory finding when it granted the plaintiff GEICO's motion for attorney's fees based entirely upon Section 57.105, Florida Statutes (1979). The order is, accordingly, not subject to attack here for being technically defective.

III
The plaintiff GEICO has filed a cross appeal in this cause claiming that the trial court should have awarded an attorney's fee here in the amount of $2,150 in accord with its specific finding that such a fee was a reasonable fee in this case, and that the trial court erroneously awarded an attorney's fee in the amount of $833.33 in accord with the contingency fee contract between the said plaintiff and his attorney. We entirely agree.
The trial court was required by Section 57.105, Florida Statutes (1979) to set a "reasonable" attorney's fee in this case, and, in that endeavor, could properly consider, as it did, the above contingency fee contract; the trial court, however, was in no way bound by said contract, as it felt it was, in setting such an award under the statute. As such, the trial court erred in failing to set an attorney's fee award in accord with its prior finding as to a reasonable attorney's fee in this case, to wit: $2,150. Universal Underwriters Ins. Co. v. Gorgei Enterprises, Inc., 345 So.2d 412 (Fla. 2d DCA 1977); see also Kaufman & Broad Home Systems, Inc. v. Sebring Airport Authority, 366 So.2d 1230 (Fla. 2d DCA 1979); Old Colony Ins. Co. v. Bunts, 250 So.2d 291 (Fla. 3d DCA 1971); Ronlee, Inc. v. P.M. Walker Co., 129 So.2d 175 (Fla. 3d DCA 1961).
We, accordingly, reverse the order under review on the cross appeal and remand the cause to the trial court with directions to enter an attorney's fee award herein in the amount of $2,150.
Affirmed in part; reversed in part.
NOTES
[1] Travelers Indemnity Company has not taken an appeal from the third party final judgment.