SCHWARTZ, Judge.
The appellant, Autorico, Inc., an automobile dealer, was sued for negligence and breach of warranty in a subrogated claim for property damage caused when the engine of a car it had delivered some forty five minutes before exploded, completely destroying the vehicle.[1] It the i brought a third-party action against Travelers Indemnity Company, seeking coverage under its comprehensive commercial policy for the defense of the main action and payment of any resulting judgment. On stipulated facts, the trial judge held that, because the explosion did not occur on Autorico’s premises, the policy did not afford coverage.[2] Autorico appeals. We reverse.
The policy in question — with its maze of conflicting and inconsistent insuring agreements, definitions, declarations, exclusions, exemptions, and exceptions — fully justifies every canard which has been hurled by uncomprehending laypersons and lawyers against the handiwork of those faceless beings who compose contracts of insurance. Even if it were possible to do so with any degree of clarity, it would serve no useful purpose and would certainly not justify the time[3] or ink required to detail the twists and turns involved in extracting the resolution of this particular controversy from that particular jungle. Suffice it to say that, applying the usual rules of construction in these cases,[4] we have concluded that coverage for the incident is indeed provided under Coverage H (Property Damage) which is a part of Insuring Agreement 1(b), contained in the “Garage Liability Form (Forming part of Sections II and III),”[5] and *166 that there is no applicable exclusion.[6]
Accordingly, we reverse the judgment below and remand for the entry of judgment for Autorico, the determination of the damages occasioned by Travelers’ unjustified denial of coverage,[7] and assessment of attorney’s fees for the services of the insured’s counsel in the trial court.[8]
Reversed and remanded.

. The plaintiff in the primary case secured a judgment against Autorico, which conducted its own defense in such a manner that attorney’s fees were assessed against it under Section 57.105, Fla.Stat. (1979). Autorico, Inc. v. Government Employees Insurance Co., 398 So.2d 485 (Fla.3d DCA 1981).

. The trial court, however, perhaps inconsistently, also held that Travelers was required to pay Autorico’s reasonable attorney’s fees and costs in defending the action; jurisdiction was reserved for later determination of the amount involved. Travelers did not appeal from this conclusion.

. We have failed to resist the temptation of reproducing the following entirely apt quotation from Carroll’s “The Walrus and the Carpenter” to which the appellant has referred us:
The Walrus and the Carpenter
Were walking close at hand:
They wept like anything to see
Such quantities of sand:
“If this were only cleared away,”
They said, “it would be grand!”
If seven maids with seven mops
Swept it for half a year,
“Do you suppose,” the Walrus said,
“That they would get it clear?”
“I doubt it,” said the Carpenter,
And shed a bitter tear.

. E. g., Stuyvesant Ins. Co. v. Butler, 314 So.2d 567 (Fla.1975).

. Indeed, the definitions of the “Completed Operations Hazard” and the “Products Hazard” which are both insured against under Coverage H through a convoluted cross-referencing process with which we will not further bore the reader, each seem affirmatively to require that the loss occur away from the insured’s premises.
The trial judge was apparently heavily influenced by the fact that “Coverage K-l (Fire and Explosion)” under insuring agreement 3, “Gar-agekeepers’ Legal Liability” provides insurance for “loss to an automobile [only] ... while such automobile ... is in the custody of the Insured...” The fact, however, that there is thus no coverage for the particular phase of possible liability arising obviously from a dealer’s responsibility for property as a bailee, does not affect the existence of coverage under other provisions, such as Coverage H. See, Rucks v. Old Republic Life Ins. Co., 345 So.2d 795 (Fla. 4th DCA 1977).

.Instead, the emphasized exception to the following exclusion from coverage H is controlling:
1. Coverages G and H do not apply:
(a) to liability assumed by the Insured under any contract or agreement except an incidental contract, but this exclusion does not apply to a warranty of fitness or quality of the Named Insured’s products or a warranty that work performed by or on behalf of the Named Insured will be done in a workmanlike manner, [e. s.]

. We note the existence of but express no opinion at this time upon the first impression question of whether the insurer is liable for the fees assessed under § 57.105 when the insured frivolously defended the action after Travelers wrongfully declined to do so. See notes 1 and 2, supra.

. We have assessed a fee of $1,500 for appellate services.