## CUSTOM CARPET CENTER v. STROUT

### Case No. M-84-8061-S

County Court, Palm Beach County

January 28, 1985

### APPEARANCES OF COUNSEL

**Robert M. Shalhoub** for plaintiff.

**Lloyd Herold** for defendant.

### OPINION OF THE COURT

ROBERT M. GROSS, County Judge.

This case came before the Court on January 28, 1985 on Defendant's Motion for Stay of Judgment and Execution and Motion to Amend Judgment. At the hearing, Defendant withdrew his Motion for Stay.

This case was tried non-jury on December 4, 1984. The attorney for plaintiff appeared for trial on December 4 and moved for a continuance, which was denied. At trial, Plaintiff put on no testimony concerning attorney's fees. There was no stipulation between the parties regarding postponement of the issue of attorney's fees as damages. Plaintiff's Statement of Claim, upon which the case was tried, contained the following allegation concerning liability:

2. Said plaintiff claims the amount of $1,009.00 as being due from

said defendant(s) exclusive of all set-offs and just grounds of defense, and alleges as the basis of such suit:

Check for carpet and installation returned insufficient funds
dated 12/23/83 999.00
 10.00
 1,009.00

Nowhere in the Statement of Claim was there a demand for attorney's fees. At trial, Plaintiff proved that Defendant's check was returned for insufficient funds. On December 14, 1984, Final Judgment was entered in favor of Plaintiff. The Court reserved jurisdiction on the issue of attorney's fees.

One potential basis for an award of attorney's fees is that the underlying contract between the parties provided for such an element of damages. However, Plaintiff's failure to plead such special damages precludes their recovery at this time. See *Washington v. Rodgers*, 201 So.2d 636, 637 (Fla. 4th DCA 1967), cert. den. 211 So.2d 556 (Fla. 1968).

Plaintiff also claims entitlement to attorney's fees under Section 68.065, Florida Statutes (1983). That statute awards attorney's fees to the prevailing party in any civil action brought "for the purpose of collecting a check . . . which was refused by the drawee because of lack of funds. . ." This case falls within the ambit of Section 68.065. Where a party is entitled by statute to an award of attorney's fees, it is not required that entitlement to such fees be specifically pled. *Ocala Music & Marine v. Caldwell*, 389 So.2d 222 (Fla. 5th DCA 1980); *Brown v. Gardens by the Sea South Condominium Association*, 424 So.2d 181, 183 (Fla. 4th DCA 1983). Under Section 68.065, it is the "prevailing party" who recovers attorney's fees. In this district, the prevailing party may prove such damages after final judgment, even absent a stipulation at trial reserving the issue. *Taggart Corporation v. Benzing*, 434 So.2d 964 (Fla. 4th DCA 1983); contra; *Newcombe v. South Florida Business Negotiators, Inc.*, 340 So.2d 1192 (Fla. 2d DCA 1976). Based on *Taggart*, Plaintiff is entitled to prove attorney's fees at a hearing after the entry of a final judgment reserving jurisdiction to do so. Accordingly, it is

ORDERED as follows:

1. Defendant's Motion for Stay of Judgment and Execution is denied.

2. Defendant's Motion to Amend Judgment is denied.

3. This case shall be set for an evidentiary hearing on attorney's fees upon proper motion of one of the parties.