HERSEY, Judge.
The award of attorneys’ fees appealed here is not supported by substantial competent evidence and we therefore reverse.
Where one litigant is required by rule or statute to pay attorneys’ fees incurred by another, the amount established by the court may not be based solely on the terms of a contingent fee contract. Insurance Company of North America v. Welch, 266 So.2d 164 (Fla. 4th DCA 1972), cert. denied, 273 So.2d 77 (Fla.1973). See also Florida Medical Center, Inc. v. Von Stetina, 436 So.2d 1022 (Fla. 4th DCA 1983); Kaufman & Broad Home Systems, Inc. v. Sebring Airport Authority, 366 So.2d 1230 (Fla. 2d DCA 1979).
A fee established in this context must be based upon consideration of all of the following factors spelled out in Rule 2-106, promulgated pursuant to Canon 2 of the Code of Professional Responsibility:
(1) The time and labor required; the novelty and difficulty of the questions involved, and the skill requisite to perform the legal service properly.
(2) The likelihood, if apparent to the client, that the acceptance of the particular employment will preclude other employment by the lawyer.
(3) The fee customarily charged in the locality for similar legal services.
(4) The amount involved and the results obtained.
(5) The time limitations imposed by the client or by the circumstances.
(6) The nature and length of the professional relationship with the client.
(7) The experience, reputation, and ability of the lawyer or lawyers performing the services.
(8) Whether the fee is fixed or contingent.
We therefore reverse and remand for redetermination of the fee, taking each of these factors into account, and applying the guidelines recently promulgated by the Florida Supreme Court in Florida Patient’s Compensation Fund v. Rowe, 10 F.L.W. 249 (Fla. May 2, 1985).
REVERSED and REMANDED.
GLICKSTEIN and DELL, JJ., concur.