484 So.2d 1241 (1986)
Nancy FINKELSTEIN, et Vir., Petitioners,
v.
NORTH BROWARD HOSPITAL DISTRICT, etc., et al., Respondents.
No. 66160.
Supreme Court of Florida.
March 20, 1986.
*1242 Joel D. Eaton and Joel S. Perwin of Podhurst, Orseck, Parks, Josefsberg, Eaton, Meadow and Olin, P.A., and Spence, Payne, Masington, Grossman and Needle, P.A., Miami, for petitioners.
Ellen Mills Gibbs of Gibbs and Zei, P.A., and William D. Ricker, Jr. of Fleming, O'Bryan and Fleming, Ft. Lauderdale, for respondents.
ADKINS, Justice.
We have for review North Broward Hospital District v. Finkelstein, 456 So.2d 498 (Fla. 4th DCA 1984), which directly and expressly conflicts with Young v. Altenhaus, 448 So.2d 1039 (Fla. 3d DCA 1983), quashed on other grounds 472 So.2d 1152 (Fla. 1985). We have jurisdiction. Art. V, § 3(b)(3), Fla. Const.
The Finkelsteins sued defendants for medical malpractice. The jury returned a verdict for the Finkelsteins. A final judgment was rendered against the defendants. However, the final judgment did not dispose of the plaintiffs' claim for attorney's fees or expressly reserve jurisdiction to award the attorney's fees to which the plaintiffs were entitled by virtue of section 768.56, Florida Statutes (1981). The final judgment simply stated that "(c)osts will be taxed at a later date upon appropriate motion."
The defendants did not appeal the final judgment. Three days after the appeal time had expired, the plaintiffs filed a motion seeking recovery of attorney's fees contained in their complaint and not disposed of in the final judgment. The trial court granted the motion. The Fourth District Court of Appeal reversed the award of attorney's fees finding that the trial court's order was void for lack of jurisdiction because the motion for attorney's fees was filed three days after the final judgment had become final.
The issue before us is whether the trial court lacked jurisdiction to entertain the plaintiffs' motion for "prevailing party" attorney's fees, where the plaintiffs' complaint contained a demand for attorney's fees, where the final judgment did not dispose of or explicitly retain jurisdiction over the claim for attorney's fees, and where the plaintiffs' motion for attorney's fees was filed three days after the final judgment on the main claim became final.
We hold that the trial court properly exercised its jurisdiction when it awarded attorney's fees to the plaintiffs. We therefore quash the decision of the district court *1243 and approve of Young v. Altenhaus, 448 So.2d 1039 (Fla. 3d DCA 1983), quashed on other grounds, 472 So.2d 1152 (Fla. 1985), which held that a trial court has jurisdiction to entertain a motion for attorney's fees despite the fact that the final judgment on the main claim did not specifically reserve jurisdiction to do so.
Section 768.56(1), Florida Statutes (1981), provides that attorney's fees shall be awarded to the prevailing party in a medical malpractice action. The provisions of section 768.56(1) are mandatory. Defendants concede that plaintiffs would be entitled to attorney's fees if the final judgment on the main claim expressly provided for retention of jurisdiction to award them. We refuse to deprive plaintiffs of their substantive right to attorney's fees merely because the final judgment did not contain the magic words "jurisdiction is reserved."
Defendants cite Oyer v. Boyer, 383 So.2d 717 (Fla. 4th DCA 1980); McCallum v. McCallum, 364 So.2d 97 (Fla. 4th DCA 1978); and Frumkes v. Frumkes, 328 So.2d 34 (Fla. 3d DCA 1976), to support their contention that the trial court lacked jurisdiction to award attorney's fees because the plaintiffs' motion for attorney's fees was filed three days after the time for appeal had expired. However, a significant difference exists between this case, which deals with "prevailing party" attorney's fees, and Oyer, McCallum and Frumkes which deal with attorney's fees in the context of a dissolution of marriage proceeding.
As noted by the United States Supreme Court in White v. New Hampshire Department of Employment Security, 455 U.S. 445, 102 S.Ct. 1162, 71 L.Ed.2d 325 (1982), a post-judgment motion for prevailing party attorney's fees raises a "collateral and independent" claim. Such is the case because the prevailing party simply cannot be determined until the main claims have been tried and resolved. In sharp contrast, attorney's fees in dissolution proceedings are intended to equalize the relative positions of the parties and are part of the "property" to be distributed in the final decree. Further, unlike the fees awarded in the instant case, fees in a dissolution proceeding are not awarded to the prevailing party, and their award therefore does not depend upon the outcome of the main claims.
Therefore, we adopt the United States Supreme Court's reasoning and holding in White and conclude that a post-judgment motion for attorney's fees raises a "collateral and independent claim" which the trial court has continuing jurisdiction to entertain within a reasonable time, notwithstanding that the litigation of the main claim may have been concluded with finality.
Nurse Poore, one of the defendants in the malpractice action, contends that the trial court lacked jurisdiction to award attorney's fees against her because she is not one of the enumerated health care professionals affected by section 768.56. We agree.
Section 768.56 provides in pertinent part that:
Except as otherwise provided by law, the court shall award a reasonable attorney's fee to the prevailing party in any civil action which involves a claim for damages ... on account of alleged malpractice by any medical or osteopathic physician, podiatrist, hospital or health maintenance organization.
Nurse Poore is not a medical or osteopathic physician, a podiatrist, a hospital or a health maintenance organization. Therefore, the trial court erred in assessing attorney's fees against Nurse Poore because she is not a member of any of the classes of persons enumerated in section 768.56.
The principle that the mention of one thing in a statute implies the exclusion of another, Thayer v. State, 335 So.2d 815 (Fla. 1976), coupled with the requirement that statutes awarding attorney's fees must be strictly construed, Roberts v. Carter, 350 So.2d 78 (Fla. 1977), mandates reversal of the trial court's order assessing attorney's fees against Nurse Poore.
Accordingly, the decision of the district court is quashed and the cause is remanded *1244 with instructions to reinstate the order of the trial court except that portion of the order awarding attorney's fees against Nurse Poore.
It is so ordered.
BOYD, C.J., and OVERTON, McDONALD, EHRLICH and SHAW, JJ., concur.