544 So.2d 1059 (1989)
Dawn HEATH, Individually, and As Mother and Next Friend of Rhea Osborn, a Minor Child, Appellant/Cross-Appellee,
v.
Aleyda U. PiROMAN, M.D., Appellee/Cross-Appellant.
No. 87-295.
District Court of Appeal of Florida, First District.
June 2, 1989.
*1060 John P. Cattano of Rogers, Towers, Bailey, Jones & Gay, Jacksonville, for appellant/cross-appellee.
John R. Saalfield of Williams, Shad & Saalfield, Jacksonville, for appellee/cross-appellant.
BOOTH, Judge.
This cause is before us on appeal and cross appeal of a jury verdict providing that appellant/cross-appellee take nothing in a suit for negligence against appellee/cross-appellant. The final judgment awarded the appellee costs, but denied attorney fees. The record reflects that appellant filed suit alleging that appellee negligently failed to properly diagnose bronchiectasis in Rhea Osborn's left lung. Appellant contends that the trial court erred in admitting the expert testimony of three doctors concerning the etiology of the disease and that only pulmonologists or pathologists were competent to testify. The experts who were allowed to testify, one pediatric radiologist and two pediatric surgeons, testified that the disease was congenital rather than acquired and that the congenital disease could not have been cured and the lung saved even if diagnosed earlier.
On cross appeal, appellee argues that the trial court was not precluded from awarding prevailing party attorney fees under Section 768.56, Florida Statutes (1983), even though appellee failed to request fees in the pleadings.
First, addressing the main issue, the record indicates that appellee had two theories of defense at trial, to-wit: (1) that the lung was congenitally defective, and (2) that she did not violate the applicable standard of care. The record before us contains competent, substantial evidence supporting the jury's determination that the standard of care was not violated. The record also supports the admissibility of the challenged expert testimony. These experts testified that in order to properly function within their respective specialties, they were required to be extremely knowledgable in the areas of pathology and/or pulmonology. Evidence showed that they had specialized training in addition to training for their particular areas of expertise. Appellant's own witness testified that a variety of medical skills in different fields are necessary to render an opinion on the etiology of a disease. Contrary to appellant's argument, all the challenged experts had "acquired special knowledge of the subject matter by ... training and experience," Kelly v. Kinsey, 362 So.2d 402, 404 (Fla. 1st DCA 1978), as well as basic exposure in medical school. Admission of their testimony was within the trial court's discretion. See Executive Car and Truck Leasing, Inc. v. DeSerio, 468 So.2d 1027, 1028 (Fla. 4th DCA 1985), review denied, 480 So.2d 1293 (Fla. 1985).
We reverse the trial court's ruling denying appellee attorney fees for failure to request them in the pleadings. Appellee correctly notes that statutory fee rights were not abolished when Section 768.56 was repealed in 1985.[1]
The weight of authority in this state is that statutory fees are not precluded by failure to plead them, as stated in Autorico, Inc. v. Government Employees Insurance Company, 398 So.2d 485, 487 (Fla. 3d DCA 1981):
The law in Florida appears clear that where a party is entitled by statute to an award of attorney's fees in an action, it is not essential, but only better practice, that the party seeking such fees plead its entitlement to same in its complaint or *1061 answer. Indeed, a trial court is required to award statutory attorney's fees pursuant to proper motion upon due process notice and hearing, although said fees have not been specifically pled in the complaint or answer.[[2]] [citations omitted]
In Johnson v. Johnson, 346 So.2d 591 (Fla. 1st DCA 1977), this court disallowed statutory dissolution of marriage fees because they were not pleaded.[3] However, the Supreme Court's subsequent opinion in Finkelstein v. North Broward Hospital District, 484 So.2d 1241, 1243 (Fla. 1986),[4] distinguished between prevailing party medical malpractice fees under Section 768.56, Florida Statutes, and attorney fees sought in a dissolution of marriage proceeding, on the grounds that dissolution fees are "intended to equalize the relative positions of the parties and are part of the `property' to be distributed" in the action, and their award is not contingent on the outcome. In contrast, there can be no prevailing party fee award under Section 768.56, Florida Statutes, until the main action is concluded and a winner determined. The Supreme Court accordingly holds that prevailing party fees are a "collateral and independent" claim which can be adjudicated within a reasonable time after the conclusion of the main action. Further, the case holds that the provisions of Section 768.56(1) "are mandatory" and are a "substantive right" of the prevailing party. Finkelstein at 1243.
In reaching this conclusion, the Florida Supreme Court expressly adopts "the reasoning and holding" of the United States Supreme Court in White v. New Hampshire Department of Employment Security, 455 U.S. 445, 102 S.Ct. 1162, 71 L.Ed.2d 325 (1982), wherein statutory attorney fees were allowed even though the prevailing party had not claimed fees in the complaint and did not file a motion for fees until after the judgment had become final.
The rationale of Finkelstein is predicated on the disperate nature and purpose of fees in dissolution proceedings and fees under Section 768.56(1). The distinction made is one which affects both the manner and time for preserving the right to such fees. We hold, therefore, that fees under Section 768.56(1) may be claimed in a post-judgment motion even though not initially pleaded.
Accordingly, we affirm in part and reverse for entry of an attorney fee award in appellee's favor, the amount thereof to be determined by the trial court.
We certify the following question to the Florida Supreme Court:
DOES A PARTY'S FAILURE TO PLEAD ENTITLEMENT TO PREVAILING PARTY FEES UNDER SECTION 768.56(1), FLORIDA STATUTES, PRECLUDE THE AWARD OF SUCH FEES?
SMITH, C.J., and NIMMONS, J., concur.
NOTES
[1] Chapter 85-175, Section 55, provided that the repeal took effect on October 1, 1985. Here, the cause of action accrued earlier and suit was filed on September 30, 1985. Chapter 85-175, Section 48, provided further that "[a]ll provisions of this act shall apply prospectively, and shall not apply to actions filed on or before the effective date."
[2] To like effect are: Brown v. Gardens by the Sea South Condominium Association, 424 So.2d 181, 183 (Fla. 4th DCA 1983); and Ocala Music and Marine Center v. Caldwell, 389 So.2d 222, 223 (Fla. 5th DCA 1980).
[3] See also Suwannee County v. Garrison, 417 So.2d 1070, 1071 (Fla. 1st DCA 1982), holding that cause of action (declaratory judgment on location of road) was not one allowing the award of attorney fees, but footnoting to Johnson and failure to plead.
[4] In Finkelstein, fees were pleaded under Section 768.56, Florida Statutes, but the prevailing party did not file a motion for them until after the judgment, which did not reserve jurisdiction, had become final.