PATTERSON, Judge.
A final judgment of dissolution of marriage between the parties was entered on January 14, 1986. The judgment incorporates their marital settlement agreement, which provides:
[T]he husband agrees to be responsible for any future attorneys’ fees should the husband become in default and legal action become necessary.
The husband defaulted in the payment of alimony and on July 10, 1987, the wife instituted a contempt proceeding.
After an evidentiary hearing the trial judge entered an order which, among other things, awarded the wife a judgment for alimony arrearages in the amount of $20,-966.57. The order is silent on the issue of attorneys’ fees and contains no reservation of jurisdiction.
Thirteen days later the wife filed a motion to assess fees and costs. The husband responded with a motion to strike, asserting that the court lost jurisdiction to consider the issue when the time expired for filing a motion for rehearing under Rule 1.530(b), Florida Rules of Civil Procedure.
In granting the husband’s motion, the trial court relied on Maney v. Maney, 413 So.2d 131 (Fla. 1st DCA 1982). In Maney the wife’s motion to assess attorneys’ fees was also filed beyond the time for the filing of a motion for rehearing. The final judgment, which gave full faith and credit to a Kentucky divorce decree, did not reserve jurisdiction for the consideration of fees. Maney, therefore, is facially similar to this case.
However, the difference between Maney and this case is that here, the husband contracted to pay fees on the happening of events which in fact occurred. • We find this circumstance analogous to the facts of Finkelstein v. North Broward Hosp. Dist., 484 So.2d 1241 (Fla.1986), in which our supreme court held that when the award of attorneys’ fees is a matter of right, a collateral and independent claim arises over which the court has continuing jurisdiction.
Here, the wife’s right to an award of fees became fixed upon the happening of the conditions to which the husband had agreed. The general reservation of jurisdiction in the final judgment is sufficient to give the court continuing jurisdiction to consider this independent claim.
We therefore vacate the January 19, 1989, order and direct the trial court to hear and determine the wife’s motion for the assessment of fees and costs.
RYDER, A.C.J., and BOARDMAN, EDWARD F., (Ret.) J., concur.