KLEIN, Judge.
Appellant, the former wife in a modification proceeding, did not seek a healing on attorney’s fees and costs until more than one year after the entry of the final judgment. The trial court denied her request for fees and costs because of the delay, and she appeals. We affirm.
In the final judgment of modification, entered in September 1995, the trial court reserved ruling on the wife’s claim for costs and attorney’s fees. The judgment was not appealed. Nine months later, in June 1996, the wife filed a motion for costs and attorney’s fees. Five months after that, in November 1996, the wife moved to set a one day hearing for costs and attorney’s fees on the court’s non-jury docket. The hearing occurred on April 29, 1997, and the trial court denied costs and attorney’s fees to the wife because she did not seek them in a timely manner.
The wife relies on United States Fidelity & Guaranty v. Martin County, 669 So.2d 1065 (Fla. 4th DCA 1996) and eases cited therein. In that ease we reversed a trial court’s denial of prevailing party attorney’s fees in a contractual action, where the final judgment had reserved jurisdiction to award fees, but the prevailing party had waited until eight days after our decision affirming the judgment on appeal to file the motion to assess fees. We are not persuaded by that decision, or the eases we cited, because those cases involved prevailing party attorney’s fee awards. As the Florida Supreme Court pointed out in Finkelstein v. North Broward Hospital District, 484 So.2d 1241 (Fla.1986), prevailing party attorney’s fees cannot be determined until the main claims have been resolved by the court, while attorney’s fees are not necessarily dependent on the outcome in family law cases.
Trial judges have “broad” discretion to award attorney’s fees under section 61.16, Florida Statutes (1997), which is to be construed liberally “to allow consideration of any factor necessary to provide justice and ensure equity between the parties.” Rosen v. Rosen, 696 So.2d 697, 700 (Fla.1997).
The trial court, in orally announcing its ruling, appeared to be persuaded because the wife’s motion to set the evidentiary hearing on costs and fees was filed “well over a year after the ruling.[1]” Neither the wife nor her counsel gave any explanation for the delay. We cannot say that the trial court abused its discretion in denying costs and attorney’s fees in this case based on the delay in the wife seeking them.
Affirmed.
WARNER and TAYLOR, JJ., concur.

. The trial court was incorrect in stating that the "petition for attorney's fees was filed over a year ago,” because the motion for fees was actually filed nine months after the judgment. As a matter of substance, however, he was correct, because it was not the filing of the motion for fees and costs which precipitated the ultimate resolution of the dispute, but rather the filing of the motion to set the case for an evidentiary hearing, which was not filed until fourteen months after the judgment. Even if we considered the motion, filed nine months after the judgment, as significant action toward resolution of the issue, we would still not reverse. There is no excuse for such a delay under these facts.