764 So.2d 601 (1998)
CITY OF RIVIERA BEACH, a Florida municipal corporation, Appellant,
v.
Zedrick BARBER, Appellee.
No. 97-3766.
District Court of Appeal of Florida, Fourth District.
December 9, 1998.
Kenneth G. Spillias of Law Office of Lewis, Longman & Walker, P.A., West Palm Beach and Andrew DeGraffenreidt, III, Riviera Beach, for appellant.
Frederick W. Ford of Jupiter, for appellee.
PER CURIAM.
The City of Riviera Beach ("City") appeals an amended final judgment and award of attorney's fees in favor of Zedrick Barber. We affirm the judgment in all respects except the order of specific performance, which directs the City to promote appellee to the rank of sergeant and award him compensation for the retroactive promotion.
In 1982 the City hired appellee as a police officer. In 1988 appellee submitted a letter of resignation, explaining that he did so to avoid a threatened termination. After unsuccessfully attempting to rescind his resignation, he filed a notice of intent to sue the City for various claims of contractual and due process violations. Appellee subsequently entered into negotiations with the City Manager, Tony Smith, which resulted in an oral agreement between Smith and appellee in November of 1991 for rehiring appellee as a patrolman under certain terms and conditions. Among these were seniority credit for appellee's previous six years of employment with the City, between 1982 and 1988, and a starting wage calculated by including percentage increases he would have earned during that prior employment period. The oral agreement was later reduced to writing on July 2, 1993.
When appellee attempted to take the sergeant's examination in May 1993, he encountered some resistance from the police union, which complained that he did not have the continuous service necessary for eligibility to take the exam. However, following a hearing held by the City's Civil Service Board, appellee's seniority status attained through his prior service was recognized, and he was permitted to sit for the exam. Appellee took the exam and was placed sixth on the list of those officers eligible for promotion to sergeant. *602 Although six officers were elevated from that group of candidates, appellee was not promoted at that time. Nor was appellee promoted after taking the examination again in August, 1994 and May, 1996. In May, 1996, the City changed its position on appellee's seniority status altogether and refused to credit appellee's six years of prior service in the 1980s towards his promotion eligibility. Additionally, contrary to the terms of the 1991 and 1993 agreements, the City continuously failed to adjust appellee's salary to include pay increases for his prior six years of service.
In November of 1996, appellee filed a second amended complaint against the City[1] for breach of contract, specific performance and consequential damages. In response, the City asserted five affirmative defenses: lack of authority on the part of the city manager, illegality of the agreement, statute of limitations as to the oral agreement, statute of limitation as to specific performance, and lack of consideration. Following a non-jury trial, the court found for appellee and assessed damages in the amount of $76,821.73. The court's calculated damages included retroactive pay for appellee as if he had been promoted to sergeant as of May 10, 1996. Thereafter, upon motion of appellee, the court amended the final judgment to include an order directing the City to promote appellee to the rank of sergeant retroactive to May 10, 1996 as an element of "consequential damages."
The City contends that the trial court erred in ordering it to retroactively promote appellee to sergeant. Such relief, it argues, is a grant of specific performance or mandatory injunction, which is not an appropriate remedy for breach of an employment contract. We agree. Where, as in this situation, an adequate remedy at law exists, the general principle is that "ordinarily the equitable remedy of specific performance is not available to enforce an employment contract." See Glass v. Anderson, 704 So.2d 697 (Fla. 4th DCA 1997). The rationale for this rule is that such agreements lack the mutuality of remedy and obligation which would make specific performance an appropriate form of relief. Terex Trailer Corp. v. McIlwain, 579 So.2d 237 (Fla. 1st DCA 1991). The appropriate remedy in such cases is an action for damages for breach of contract. See SeaEscape, Ltd., Inc. v. Maximum Mktg. Exposure, Inc., 568 So.2d 952 (Fla. 3d DCA 1990); Jetborne Int'l, Inc., v. Cohan, 584 So.2d 176 (Fla. 3d DCA 1991). In this case, appellee had an adequate remedy of law, money damages, which were, in fact, awarded to him.
For the above reasons, we reverse that portion of the amended final judgment which directs the City to retroactively promote appellee to the rank of sergeant and remand this cause to the trial court to recalculate damages without application of retroactive promotion pay. In all other respects, we affirm.
AFFIRMED in part; REVERSED AND REMANDED in part.
DELL, SHAHOOD and TAYLOR, JJ., concur.
NOTES
[1] In his second amended complaint, appellee dropped his claims against the City and the City Manager, Gerald Adams, for fraudulent misrepresentation and negligent misrepresentation.