STONE, C.J.
We reverse, in part, an order granting Plaintiff-Jaye’s motion for restitution of disputed funds held in escrow. The trial court erred in calculating, and in using incorrect figures in calculating, the amount of restitution.
In 1989, Jaye executed a retainer agreement with Appellant to represent her in a malicious prosecution action against Royal Saxon, Inc. The case resulted in a jury verdict in Jaye’s favor in the amount of $56,000, and costs were taxed in the sum of $8,349.72. Royal Saxon appealed, and the parties settled for $56,000 plus interest, the taxed costs, and Royal Saxon’s contribution of $10,000 toward Jaye’s attorney’s fees.
Thereafter, Jaye retained a succession of other counsel to dispute Appellant’s entitlement to the fees it claimed it was owed. The settlement proceeds, or $56,-000 plus $2,190.90 in interest, were deposited into an interest-bearing account pending an order of disbursement.
In 1995, Appellant received a judgment and charging lien for attorney’s fees in the sum of $113,224. The trial court at that time ordered that the judgment be enforced against the disputed proceeds deposited in escrow. The amount of $67,- *18 793.69, which was then the amount in the account, was paid to Appellant.
Subsequently, this court reversed the judgment in Jaye v. Royal Saxon, Inc., 687 So.2d 978 (Fla. 4th DCA), rev. denied, 699 So.2d 1375 (Fla. 1997). There, we concluded that Jaye was entitled to certain discovery and that the trial court had erred in entering an order precluding Jaye from offering certain evidence. We further determined that while Jaye may have agreed to the lien on the trial proceeds, for fees and costs incurred in other representation, the retainer contract with Appellant did not give the court jurisdiction to summarily enter a deficiency judgment for past obligations; that the trial court erred in awarding fees of $33,662.50 for Appellant’s self-representation in the supplementary proceedings; and that it was error to award an extra five percent contingency fee, or $2,800, for representing Jaye in the supreme court, as it was not provided for in the contract, in addition to the five percent for representing her on appeal in the district court. Id. at 981-82. Thus, we reversed for further proceedings.
Upon remand, Jaye filed a motion in the trial court for restitution of disputed funds that had been held in escrow and to otherwise restore status quo immediately before the 1995 judgment. A non-evidentiary hearing was held. Jaye argued that the entire amount taken, plus interest, should be restored.
Appellant acknowledged it would have to give the money back if the trial court ultimately so determined, but argued that this court already said Appellant was entitled to its forty-five percent contingency fee, or $30,150, as well as $48,805 for the prior proceedings.
The judge decided that Appellant should return the $33,662.50 that it was awarded for handling the prior supplementary proceedings and the $2,800 to which Appellant was thought entitled for the appeal to the supreme court, and interest. However, Appellant asserted that the $33,662.50 was never collected by it; as the judgment was for over $113,000, but only the $67,793.69 in the account was collected.
The trial court granted Jaye’s motion and required Appellant to replace in an interest-bearing escrow account the following sums: (1) $33,662.50, representing the amount this court determined Appellant could not collect for representing itself in the supplementary proceedings, (2) $2,800, representing the amount this court determined Appellant was not entitled to receive for representing Jaye in the supreme court, (3) $11,793.69, representing the amount by which Appellant’s recovery from the account exceeded a $56,000 amount referenced in this court’s opinion (which had stated that it was error to impose an award beyond the $56,000 held in escrow, giving a deficiency judgment, and not recognizing that interest had been added to the $56,000 settlement proceeds), and (4) interest on the total. As a result, Appellant would be permitted to retain only $19,537.50 plus interest of the $67,-793.69 originally received from the settlement proceeds. Appellant moved for rehearing, arguing that it was being ordered to restore funds which it had not received.
We find that the trial court abused its discretion by using an improper calculation to determine the amount of money which it required Appellant to return to the escrow account, once it determined that Appellant need not return all the funds received, only those funds which this court’s opinion made clear could not be awarded to Appellant. As Appellant contends, those sums went to calculating the total judgment of $113,224, only a portion of which Appellant received — $67,793.69— out of the account.
We reject Appellant’s argument that it should be permitted to retain the entire fund because this court’s prior opinion left intact its entitlement to $78,955, an amount it claims it was due under its retainer agreement before it would have been paid the other sums which this court’s prior opinion specifically rejected. *19 On the contrary, it appears that Appellant’s right to the claimed $78,955 will still have to be determined in the new trial.
Notwithstanding that recovery remains unsettled, the trial court did make an erroneous assumption that Appellant had received the amounts that this court’s opinion disallowed, which was not the case.
Therefore, we reverse and remand for the trial court to recalculate the amount of immediate restitution into the escrow account it determines to be equitable under the circumstances, taking into consideration that Appellant received only $67,-793.69 of the erroneous $113,224 judgment.
As to all other issues raised, we affirm.
FARMER and SHAHOOD, JJ., concur.