PER CURIAM.
Although the final judgment entered in August of 1996 on the wife’s petition for modification reserved jurisdiction to determine entitlement to and the amount of attorney’s fees by way of motion and affidavit, the wife did not file a motion for attorney’s fees until some five months after the final judgment was entered. The petitioner thereafter withdrew as wife’s counsel in March 1997. Neither the motion to withdraw nor the order granting it requested or reserved the right to continue to pursue the collection of attorney’s fees. Additional post-judgment proceedings occurred in this heavily litigated divorce through other counsel. It was not until 1999 that the petitioner requested that the judge rule on the matter. The case was transferred to a successor judge who ultimately denied the motion, citing lack of jurisdiction and that the claim was barred by laches. We find no departure from the essential requirements of law in the conclusion of the court that the claim was.stale and barred by laches. See Harvey v. Harvey, 716 So.2d 847, 848 (Fla. 4th DCA 1998). We therefore deny the petition.
WARNER, C.J., TAYLOR and HAZOURI, JJ., concur.