POLEN, J.
Zedrick Barber timely appeals after the trial court denied his post-judgment motion for attorney’s fees against the City of Riviera Beach (“City”) on remand of this cause. He contends that the court erred in denying his motion for prevailing party attorney’s fees on remand for lack of jurisdiction. We agree and reverse.
This is the second appeal before this court involving these parties. In City of Riviera Beach v. Barber, 764 So.2d 601 (Fla. 4th DCA 1998), the City appealed from an adverse judgment entered on Barber’s second amended complaint for breach of contract, specific performance and consequential damages. The complaint stemmed from Barber’s employment with the City as a police officer. Following a nonjury trial, the court found for Barber and assessed damages in the amount of $76,821.73. The court ordered retroactive pay for Barber as if he had been promoted to sergeant as of May 10, 1996, and directed the City to promote Barber to the rank of sergeant retroactive to May 10, 1996 as an element of “consequential damages.”
On appeal, the City contended that the trial court erred in ordering it to retroactively promote Barber to sergeant. Such relief, it argued, was a grant of specific performance or mandatory injunction, and was not an appropriate remedy for breach of an employment contract. This court, agreeing, reversed that portion of the amended final judgment which directed the City to retroactively promote Barber to the rank of sergeant, and remanded this cause to the trial court to recalculate damages without application of retroactive promotion pay. In all other respects, it affirmed the final judgment.
On remand, the trial court held a hearing on the recalculation of damages, prior to which the parties submitted memoranda of law. The City’s memorandum argued that Barber was not entitled to attorney’s fees on remand. Both parties submitted proposed orders; Barber’s proposed order contained a clause reserving jurisdiction to award such fees whereas the City’s omitted such clause.
*604 On June 30, 1999, the court, upon recalculation, entered final judgment and awarded Barber $73,739.41 with interest. It did not reserve jurisdiction to award attorney’s fees on remand nor did it expressly deny any claim for fees. Neither party appealed the final judgment.
On July 23, 1999, Barber filed a motion for prevailing party attorney’s fees under section 448.08 “for services and incurred expenses in his representation ... in this cause after remand from the 4th District ... through the date of this Motion.... ” The court, holding it did not have jurisdiction to award such fees, denied the motion. This appeal followed.
Barber argues, and we agree, that the trial court had jurisdiction to entertain his motion for attorney’s fees on remand of this cause. Courts may entertain and grant such motions even after the time for appealing the final judgment has expired, and even absent an express reservation of jurisdiction for an award of such fees in the final judgment. See Finkelstein v. North Broward Hosp. Dist., 484 So.2d 1241, 1243 (Fla.1986); McGurn v. Scott, 596 So.2d 1042, 1044 (Fla.1992). Accordingly, we remand this case for further proceedings so that the trial court, in its discretion, may consider Barber’s application for fees as a prevailing party on the prior remand.[1]
REVERSED and REMANDED.
KLEIN and HAZOURI, JJ., concur.

. At oral argument in this matter, Barber's attorney contended that he was seeking approximately $15,000 in fees for the work required of him on this court’s prior remand. We cannot conceive how the proceedings required as a result of the prior remand would have provided for anything more than a nominal fee.