900 So.2d 634 (2005)
Mildred R. JAYE, Appellant,
v.
ROYAL SAXON, INC. and Small & Small, P.A.,[1] Appellees.
No. 4D03-4045.
District Court of Appeal of Florida, Fourth District.
March 23, 2005.
Rehearing Denied May 17, 2005.
*635 Edward A. Marod of Edward A. Marod, P.A., West Palm Beach, for appellant.
Siobhan Helene Shea, and Lisa S. Small of Small & Small, P.A., Palm Beach, for appellee Small & Small, P.A.
STEVENSON, J.
This case has a rather protracted history and has given rise to a number of appeals. See Small & Small, P.A. v. Jaye, 843 So.2d 281 (Fla. 4th DCA 2003); Small & Small, P.A. v. Jaye, 731 So.2d 17 (Fla. 4th DCA 1999); Jaye v. Royal Saxon, Inc., 687 So.2d 978 (Fla. 4th DCA 1997). For the present purposes, it is sufficient to say that Small & Small, P.A. ("Small") successfully represented Jaye in a malicious prosecution action, obtaining a judgment in her favor. Ultimately, Small filed a supplementary complaint, wherein it sought to recover fees allegedly owed it by Jaye and to impose a charging lien against the proceeds of the malicious prosecution litigation, which had earlier been paid over to Small. Jaye, in turn, filed two counterclaims: one asserting that she was owed money for services she rendered Small and a second seeking reimbursement for "all" amounts paid to Small that exceeded a "reasonable fee." Both the supplementary complaint and the counterclaims were eventually dismissed for failure to prosecute.
Within two weeks of the dismissal, Jaye filed in the trial court (1) a motion seeking the award of prevailing party attorney's fees, citing the language of her contract with Small and the reciprocity provision in section 57.105, Florida Statutes, and (2) a "Motion for Restitution," asserting Small had retained more than $67,000 in proceeds from the malicious prosecution action, but was entitled to only $26,185.91. The trial court found that it was without jurisdiction to rule on either motion and dismissed the case. Jaye has appealed from that order. We affirm in part and reverse in part.
To begin, we affirm the trial court's dismissal of Jaye's "Motion for Restitution," albeit not on jurisdictional grounds. While we do not doubt the trial court's "inherent authority" to correct wrongs occasioned by its errors, see, e.g., Masser v. London Operating Co., 106 Fla. 474, 145 So. 72 (1932), here, the "Motion for Restitution" was nothing more than a disguised attempt to relitigate the earlier counterclaim resolved adversely to Jaye.
Jaye's motion for attorney's fees is, however, another matter. Florida Rule of Civil Procedure 1.525 provides that a motion for attorney's fees must be served within thirty days of the filing of the judgment. Jaye clearly complied with this time limitation. Moreover, while it is true that the order dismissing Small's supplementary complaint and Jaye's counterclaims did not specifically reserve jurisdiction to address attorney's fees, such a reservation of jurisdiction is not required. See Finkelstein v. N. Broward Hosp. Dist., 484 So.2d 1241 (Fla.1986), cited in Manimal Land Co. v. Randall E. Stofft Architects, P.A., 889 So.2d 974 (Fla. 4th DCA 2004) (Klein, J., concurring specially). Clearly, then, the trial court did have jurisdiction to rule on Jaye's motion for prevailing party attorney's fees. We therefore remand the instant case to the trial court for this limited purpose. Our remand, however, should not be read as a determination on our part that Jaye's motion should be granted or *636 even that there is, in fact, a prevailing party in this case.
AFFIRMED in part; REVERSED in part; and REMANDED for further proceedings.
GUNTHER and STONE, JJ., concur.
NOTES
[1] We sua sponte add Small & Small, P.A., as an appellee in this case. See Fla. R.App. P. 9.020(g)(2).