PER CURIAM.
Kenneth Miller, the appellant, and Gale Nelson Miller, the appellee, entered into a divorce settlement agreement that required Mr. Miller to execute a quitclaim deed and Ms. Miller to execute any documents necessary to place jointly owned stock solely in Mr. Miller’s name. The agreement further provided that “if either party brings an action to enforce the terms herein, the prevailing party will be entitled to fees.” The trial court incorporated this agreement into the final dissolution of marriage and retained jurisdiction to enforce the final judgment.
Ms. Miller subsequently filed a motion for attorney’s fees based on the following: *1276 (1) as the prevailing party on her former husband’s motion for return of trust funds; (2) having to move to compel execution of the quitclaim deed; and (3) under Florida Statutes section 61.16. The general master recommended granting Ms. Miller attorney’s fees as the prevailing party on Mr. Miller’s motion for return of the trust funds and for filing a motion to compel delivery of the quitclaim deed. The trial court approved the general master’s recommendations and ordered Mr. Miller to pay his former wife’s attorney a total fee award of $1,240.00.
On appeal, Mr. Miller argues that the trial court lost jurisdiction to award attorney’s fees because the order denying his motion to return the trust funds did not specifically retain jurisdiction to grant those fees. We reject this argument because the Florida Supreme Court has stated that “a post-judgment motion for attorney’s fees raises a ‘collateral and independent claim’ which the trial court has continuing jurisdiction to entertain within a reasonable time, notwithstanding that the litigation of the main claim may have been concluded with finality.” Finkelstein v. N. Broward Hosp. Dist., 484 So.2d 1241, 1243 (Fla.1986). Here, the motion for attorney’s fees was filed less than a week after the trial court denied the motion for return of trust funds. Additionally, the trial court specifically retained jurisdiction to enforce the final dissolution, which encompassed the settlement agreement.
While we reject Mr. Miller’s argument that the trial court lacked jurisdiction, we hold that Ms. Miller waived her right to attorney’s fees. Pursuant to Stockman v. Downs, 573 So.2d 835, 837-38 (Fla.1991), a prevailing party cannot recover attorney’s fees authorized in a statute or contract by a motion filed after entry of a final judgment, where the motion raises the issue of that party’s entitlement to attorney’s fees for the first time. The purpose behind the rule is “to provide notice to the opposing party that attorney’s fees will be sought so that the opposing party might make an informed decision on whether to pursue a claim, dismiss it, or settle.” Prudential Sec., Inc. v. Ruskin, 707 So.2d 782, 783 (Fla. 4th DCA 1998). Accordingly, Ms. Miller was required to notify Mr. Miller of her intent to seek attorney’s fees for filing a motion to compel the quitclaim deed prior to receiving the executed document. Furthermore, her request for attorney’s fees stemming from Mr. Miller’s motion to return the trust funds must have been pled prior to the trial court’s denial of his motion. For the foregoing reasons, we reverse the order granting Ms. Miller $1,240.00 in attorney’s fees.
Finally, we are unable to consider whether the trial court erred in denying Mr. Miller’s motion to compel return of the trust funds because the appeal of that issue, having been asserted more than thirty days after the order was entered and became final, is not timely.

Reversed.

STEVENSON, C.J., TAYLOR and HAZOURI, JJ., concur.