951 So.2d 902 (2007)
Sara MARTINEZ, Appellant,
v.
Gaetano GIACOBBE, Appellee.
No. 3D04-583.
District Court of Appeal of Florida, Third District.
January 31, 2007.
Lawrence M. Shoot, Miami, for appellant.
*903 Richard B. Rosenthal, Miami; Lynn H. Gelman, for appellee.
Before COPE, C.J., and CORTIÑAS and ROTHENBERG, JJ.
COPE, C.J.
Sara Martinez appeals a judgment against her for attorney's fees in foreclosure proceedings. The main issue to be considered is whether the trial court had jurisdiction to award attorney's fees for postjudgment work performed after the entry of the original foreclosure judgment. We conclude that the attorney's fees were properly awarded as to postjudgment work performed in state court, but not for work performed in the bankruptcy court.

I.
This case involves mortgage foreclosure proceedings against Sara Martinez (owner) by Countrywide Home Loans, Inc. (first lender) and Gaetano Giacobbe (second lender). The trial court entered summary final judgments of foreclosure in favor of both lenders. The owner filed petitions in bankruptcy in 2002 and 2003. The second lender retained bankruptcy counsel, Lynn H. Gelman, to represent him in the bankruptcy court. The owner's bankruptcy proceedings were dismissed. Thereafter the foreclosure proceedings resumed in the trial court. The second lender's foreclosure counsel, Steven Silverman, expended additional time on the case. The trial court entered an amended final judgment of foreclosure. A foreclosure sale was conducted with respect to Mr. Giacobbe's second mortgage only.[1] A surplus was realized at the sale.
Within thirty days after entry of the amended judgment, the second lender filed a motion seeking attorney's fees for the post-judgment work performed by Mr. Silverman in state court proceedings and for the post-judgment work performed by Ms. Gelman in the federal bankruptcy proceedings. The trial court awarded the post-judgment attorney's fees, and Ms. Martinez has appealed.

II.
The owner argues that the claim for post-judgment attorney's fees should have been denied because there was not an adequate reservation of jurisdiction in the original foreclosure judgment. That argument is not well taken.
The original final judgment of foreclosure awarded attorney's fees of $1200 to the second lender. The foreclosure judgment went on to say, "This court retains jurisdiction to enter such further orders as may be proper." After the owner's bankruptcy proceedings were dismissed, the trial court entered an amended final judgment. It contained a reservation stating, "Jurisdiction of this action is retained to enter further orders as are proper including, without limitation, deficiency judgments." Cf. Fla. R. Civ. P. Form 1.996 (standard form for Final Judgment of Foreclosure, stating "Jurisdiction of this action is retained to enter further orders that are proper including, without limitations, writs of possession and deficiency judgments.").
Within thirty days after entry of the amended final judgment the second lender moved for attorney's fees for legal work performed after the original judgment was entered.
The owner argues that the reservation of jurisdiction in the original foreclosure judgment had to include the words *904 "attorney's fees," failing which postjudgment attorney's fees could not be awarded. The owner is incorrect. The Florida Supreme Court rejected that argument in Finkelstein v. North Broward Hospital District, 484 So.2d 1241 (Fla. 1986):
[A] post-judgment motion for attorney's fees raises a "collateral and independent claim" which the trial court has continuing jurisdiction to entertain within a reasonable time, notwithstanding that the litigation of the main claim may have been concluded with finality.
Id. at 1243. A specific reservation of jurisdiction mentioning attorney's fees is not required. See id. at 1242; Jaye v. Royal Saxon, Inc., 900 So.2d 634, 635 (Fla. 4th DCA 2005); McAskill Publ'ns, Inc. v. Keno Bros. Jewelers, Inc., 647 So.2d 1012, 1013 n. 1 (Fla. 4th DCA 1994); Rob-Cor, Inc. v. Ines, 512 So.2d 320, 322 n. 2 (Fla. 3d DCA 1987). Subsequently Florida Rule 1.525 of Civil Procedure was adopted, which imposes a requirement that an attorney's fee motion be filed within thirty days after judgment.[2]
In this case the original foreclosure judgment contained a reservation of jurisdiction "to enter such further orders as may be proper." After the owner's bankruptcy proceedings were dismissed, the trial court (pursuant to the original reservation of jurisdiction) entered an amended final judgment recalculating the judgment amounts and rescheduling the sale. Within thirty days after entry of the amended final judgment, the second lender filed a motion for attorney's fees, as allowed by Rule 1.525.
Insofar as the second lender sought attorney's fees for work performed in state court, we conclude that the trial court had jurisdiction. The attorney's fees for the work performed by Mr. Silverman were properly awarded.
The owner claims that the rule is otherwise and relies on this court's decision in Patin v. Popino, 459 So.2d 435 (Fla. 3d DCA 1984). The owner's reliance on that case is misplaced. The Florida Supreme Court's decision in Finkelstein came after Patin and Finkelstein is controlling to the extent of any inconsistency.[3]

III.
The owner's argument is meritorious, however, regarding the award of attorney's fees for the work Ms. Gelman performed on the second lender's behalf in the bankruptcy court. This court has said that it is for the bankruptcy court to determine whether a litigant "was entitled to attorney fees incurred in the bankruptcy proceeding and, if so, what a reasonable fee should have been." Florida Fed. Sav. & Loan Ass'n v. Sanchez, 553 So.2d 1254, 1255 (Fla. 3d DCA 1989). We therefore reverse that part of the attorney's fee judgment which awarded attorney's fees for the work performed in the bankruptcy court.
*905 Affirmed in part, reversed in part, and remanded for further proceedings consistent herewith.
NOTES
[1] The trial court granted a postponement of the foreclosure sale with respect to the first lender.
[2] Rule 1.525 states:

Any party seeking a judgment taxing costs, attorneys' fees or both shall serve a motion no later than 30 days after filing of the judgment, including a judgment of dismissal, or the service of a notice of voluntary dismissal.
[3] The second lender argues that the owner's argument on the jurisdictional issue was not sufficiently preserved for appellate review. We are inclined to think the record is sufficient. Assuming arguendo it was not, it would be fundamental error if the trial court entered an attorney's fee judgment without jurisdiction. See Baker v. Baker, 920 So.2d 689, 691 (Fla. 2d DCA 2006); 3 Fla. Jur.2d Appellate Review § 103 (2006).