# Third District Court of Appeal

## State of Florida

Opinion filed February 8, 2023.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D22-2146
Lower Tribunal No. 20-19229
_____

**Luis A. Padron,**
Petitioner,

vs.

**Alysendrina Padron,**
Respondent.


A Case of Original Jurisdiction – Prohibition.

Kaplan Loebl, LLC, and Amanda B. Haberman and Liliana Loebl, for petitioner.

Velegal PLLC, and Laline Concepcion-Veloso, for respondent.


Before EMAS, LINDSEY and GORDO, JJ.

EMAS, J.

**INTRODUCTION**

Petitioner, Luis A. Padron, Former Husband, filed a petition for writ of prohibition, asserting that the trial court acted without continuing jurisdiction in sua sponte vacating a portion of a final judgment of dissolution of marriage. We agree and, for the reasons that follow, we quash the trial court's sua sponte vacatur order.

**FACTS AND PROCEDURAL BACKGROUND**

The salient facts do not appear to be in dispute: The underlying matter is a dissolution of marriage proceeding between the parties, who together share three children. On September 20, 2022, the parties executed a Marital Settlement Agreement and Parenting Plan (MSA). Two of the three children were minors at the time of the MSA. Pursuant to the terms of the MSA, the parties agreed to continue utilizing the appointed guardian ad litem (GAL) to assist the parties in performing the agreed upon timesharing schedule.

Two days later, on September 22, 2022, the trial court entered a Final Judgment of Dissolution of Marriage, which ratified, approved, and incorporated the terms of the parties' MSA. In ratifying the MSA, the Final Judgment provides: "The Court finds that the Agreement was executed voluntarily by the parties, that it is fair and reasonable and that it is in the best interest of the parties and their minor children."

2

Neither party sought rehearing, filed a notice of appeal, filed a supplemental petition for modification, or moved to vacate or modify the final judgment. However, on September 29, 2022, the GAL filed a request for a case management conference, which stated merely: "Guardian ad Litem for the minor children hereby requests that the Court set a case management conference in this matter under Fla.Fam.L.R.12.200." The request contained no allegations and did not provide any factual or legal basis for the request. No other pleading, motion or other paper was filed by either party.

On October 21, 2022, twenty-nine days after entry of the final judgment and more than three weeks after the GAL's request, the trial court held a hearing. The record contains no transcript of that hearing; however, on that same day, the trial court entered a "Uniform Order Setting Non-Jury Trial" for March 6 and a separate order setting non-jury trial for March 7, 2023, as well. On November 28, 2022 (more than sixty days after entry of the final judgment) the trial court entered an order entitled "Temporary Vacating Portion of Final Judgment Dealing with Children's Issues." The vacatur order states, in its entirety: "The Court's Motion to partially vacate the portion of the final judgment dealing with children issues is granted."

Former Husband requested a stay of the trial court proceedings pending appeal, which the trial court denied. This petition for writ of prohibition followed.

**ANALYSIS AND DISCUSSION**

It is apodictic that a "writ of prohibition is the appropriate remedy to prevent a trial court from proceeding in a cause over which it no longer has jurisdiction." Renovaship, Inc. v. Quatremain, 208 So. 3d 280, 282 n.1 (Fla. 3d DCA 2016) (citing English v. McCrary, 348 So. 2d 293 (Fla. 1977) and Fonseca v. Taverna Imports, Inc., 193 So. 3d 92 (Fla. 3d DCA 2016)). The writ is available to prevent the improper exercise not only of subject-matter jurisdiction, but so-called "continuing jurisdiction" (also termed "case jurisdiction" or "procedural jurisdiction") as well. Renovaship, 208 So. 3d at 283 n. 6, 287 (discussing distinction between subject-matter and continuing jurisdiction; and issuing writ of prohibition upon determination that "trial court was without continuing jurisdiction to vacate the prior dismissal order and reinstate the action"); Sanchez v. Sanchez, 285 So. 3d 969 (Fla. 3d DCA 2019). See also Stokes v. Jones, 319 So. 3d 166 (Fla. 1st DCA 2021) ("While prohibition is often used in cases where a court does not have subject matter jurisdiction, it is also used where the lower court had subject matter jurisdiction but no longer has jurisdiction over the case—sometimes

4

referred to as 'case jurisdiction'"); <u>Baden v. Baden</u>, 260 So. 3d 1108 (Fla. 2d DCA 2018) (granting prohibition where trial court continued to exercise jurisdiction over a trust case after plaintiff had voluntarily dismissed action); <u>Tobkin v. State</u>, 777 So. 2d 1160, 1163 (Fla. 4th DCA 2001) (granting prohibition where complaint had been voluntarily dismissed, thereby divesting the court of "case jurisdiction" to proceed on the matter); <u>Wolfe v. Newton</u>, 310 So. 3d 1077, 1081 (Fla. 2d DCA 2020) ("Prohibition may be appropriate where, as here, a trial court that had subject matter jurisdiction attempts to exercise an unreserved power to adjudicate further substantive matters when a case has definitively concluded").

And as we held in <u>Ross v. Damas</u>, 31 So. 3d 201, 203 (Fla. 3d DCA 2010), "after entry of a final judgment and expiration of time to file a motion for rehearing or for a new trial, the trial court loses jurisdiction of the case . . . unless jurisdiction was reserved to address that matter or the issue is allowed to be considered post-judgment by statute or under a provision of the Florida Rules of Civil Procedure."

While properly acknowledging the trial court had subject-matter jurisdiction over the post-judgment dissolution proceeding, Former Husband contends that once the time had passed for rehearing or new trial under

5

Florida Family Law Rule of Procedure 12.530,[1] the trial court no longer had continuing jurisdiction to enter an order sua sponte vacating the final judgment (or a portion thereof) in the absence of a reservation of jurisdiction in the final judgment, a supplemental petition for modification, or a pleading that satisfied the narrow requirements of Florida Family Law Rules of Procedure 12.540.  We agree.

While Former Wife suggests that the trial court had the authority to enter the sua sponte vacatur order based on "newly-discovered evidence," see rule 12.540(b)(5),[2] neither the record nor the vacatur order contains any

---

[1] Rule 12.530(b), which is modeled after Florida Rule of Civil Procedure 1.530, provides:

> A motion for new trial or for rehearing must be served not later than 15 days after the return of the verdict in a jury action or the date of filing of the judgment in a non-jury action.

In addition, rule 12.530(d) provides:

> Not later than 15 days after entry of judgment or within the time of ruling on a timely motion for a rehearing or a new trial made by a party, the court of its own initiative may order a rehearing or a new trial for any reason for which it might have granted a rehearing or a new trial on motion of a party.

[2]  Rule 12.540(b)(2), which is modeled after Florida Rule of Civil Procedure 1.540(b)(2), provides:

> On motion and on such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons:

allegation, discussion or finding of the existence of any such evidence or that this served as a basis for the vacatur order. Indeed, neither party filed any pleading, motion or petition seeking to modify or vacate the final judgment.[3] Nor did the guardian ad litem do so, instead filing a one-sentence request for a case management conference without any additional allegation or

---

\*\*\*

> newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial or rehearing.
> . . .

[3] Of course, the trial court possesses continuing jurisdiction to enforce its own final judgment, including the incorporated MSA, see Paulucci v. Gen. Dynamics Corp., 842 So. 2d 797 (Fla. 2003); Demorizi v. Demorizi, 851 So. 2d 243 (Fla. 3d DCA 2003); Kennedy v. Kennedy, 638 So. 2d 577 (Fla. 3d DCA 1994), and to continue to exercise jurisdiction pursuant to a proper reservation contained in the final judgment, see Selman v. Progressive Am. Insur. Co., 335 So. 3d 186 (Fla. 3d DCA 2022); Miller v. Miller, 911 So. 2d 1274 (Fla. 4th DCA 2005); Encarnacion v. Encarnacion, 877 So. 2d 960 (Fla. 5th DCA 2004).

In addition, we recognize that in the context of dissolution of marriage cases, a trial may exercise continuing jurisdiction in a considerable number of post-judgment matters. For example, the trial court has the authority, pursuant to sections 61.13 and 61.14, Florida Statutes (2022)—under certain circumstances not present here—to modify the parenting plan of the child, the terms and conditions of child support payments, and agreements or orders regarding support, maintenance and alimony. However, the trial court's sua sponte vacatur order in the instant case did not fall within the scope of any of the above categories, nor was the trial court's order preceded by the filing of a supplemental petition to modify the final judgment, see rule 12.110(h), or a motion for relief pursuant to rule 12.530 or rule 12.540.

proffered basis for making such a request after final judgment had already been entered.

**CONCLUSION**

Because the trial court was without continuing jurisdiction at the time it rendered its sua sponte post-judgment order vacating a portion of the final judgment and setting this matter for nonjury trial, we grant the petition for writ of prohibition and quash the sua sponte orders vacating a portion of the final judgment and setting the cause for non-jury trial.

Petition granted and orders quashed.