DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**DISTRESSED INVESTMENTS, LLC,**
Appellant,

v.

**US BANK TRUST, N.A.,** as trustee for **LSF11 MASTER
PARTICIPATION TRUST,**
Appellee.

No. 4D2023-1900

[July 10, 2024]

Appeal from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; Christopher William Pole, Judge; L.T. Case No. CACE18010559.

Matthew D. Wolf of Ivanov & Wolf, PLLC, Tampa, for appellant.

Shaib Yariel Rios of Brock & Scott, PLLC, Fort Lauderdale, for appellee.

CONNER, J.

The issue we address here is the propriety, in a mortgage foreclosure suit, of an order authorizing the reimbursement of the plaintiff's post-judgment expenses from the proceeds of the foreclosure sale. Because the trial court retained jurisdiction to address such issues and the reimbursement motion was filed mere days after the sale and prior to the clerk issuing the certificate of distribution, we hold that the trial court properly authorized the reimbursement from the sale proceeds. Thus, we affirm the order on appeal.

*Background*

The appellant is the foreclosed property owner's assignee. The appellee is the foreclosing lender.

The trial court entered a foreclosure final judgment. A third-party purchased the property at foreclosure sale for a price substantially above the original amount of the foreclosure judgment.

Three days after the foreclosure sale, the lender moved for disbursement of a portion of the sale proceeds as reimbursement for additional post-judgment advances. The motion stated that the lender had expended sums post-judgment for property insurance premiums, real estate taxes, property inspections, and additional attorney's fees and costs incurred due to the several cancellations of the foreclosure sale.

The owner's assignee, aware that the foreclosure sale price was substantially more than the amount listed in the final judgment, moved to intervene thirteen days after the sale, also seeking payment from the surplus funds.

Fourteen days after the foreclosure sale, the clerk of court filed the certificate of disbursements, reflecting payment of the specific items listed in the foreclosure judgment and a substantial balance remaining after those expenses were paid. The certificate did not list any of the post-judgment advances.

The following month, a hearing was held on the assignee's and the lender's motions. The trial court determined it had jurisdiction to entertain the lender's motion because the motion was filed prior to the clerk's certificate of disbursements. Thus, the trial court granted the lender's motion and directed the clerk of court to disburse the additional amount of $16,257.68 to the lender. The trial court also granted the assignee's motion and directed that the money remaining after the disbursement to the lender was to be distributed to the assignee.

The assignee gave notice of appeal.

*Appellate Analysis*

Because the issues in this appeal involve the interpretation of judgment language and statutes, our review is de novo. *Bay Cnty. v. Town of Cedar Grove,* 992 So. 2d 164, 167 (Fla. 2008) (citation omitted).

The assignee argues the trial court erred in distributing $16,257.68 of the funds remaining after the foreclosure sale to the lender because the money was part of the surplus funds due the property owner or junior lienholders. The assignee contends it was entitled to those funds as the property owner's assignee. The assignee further argues that if the lender wanted reimbursement for the post-judgment expenditures claimed, the lender should have timely moved to amend the original final judgment. The assignee does not dispute on appeal that the lender was entitled to

2

seek reimbursement for the post-judgment expenses. Rather, the assignee argues that the lender did not follow proper procedure.

We disagree with the assignee's arguments. The pertinent paragraphs of the final judgment are:

> 5. <u>Plaintiff shall advance all subsequent costs of this action</u> and shall be reimbursed for them by the clerk if plaintiff is not the purchaser of the property for sale, provided, however, that the purchaser of the property for sale shall be responsible for the documentary stamps payable on the certificate of title . . . .
>
> 6. On the filing of the certificate of title the clerk shall distribute the proceeds of the sale, so far as they are sufficient, by paying: first, <u>all of plaintiff's costs</u>; second, documentary stamps affixed to the certificate; third, <u>plaintiff's attorney's fees</u>; fourth, <u>the total sum due to plaintiff</u>, less the items paid, plus interest at the rate prescribed in paragraph 1 from this date to the date of the sale; and by retaining any remaining amount pending further order of this court.
>
> . . . .
>
> 8. <u>Jurisdiction of this action is retained to enter further orders that are necessary or are proper</u> including, but not limited to [re-foreclosure, determining amounts owed to any condominium or homeowners association, issuance of writ of possession, and entry of a deficiency judgment].

(Emphasis added).

Section 45.031(7)(a), Florida Statutes (2022), provides: "On filing a certificate of title, the clerk shall disburse the proceeds of the sale in accordance with the order or final judgment and shall file a report of such disbursements[.]" Section 45.031(7)(c), Florida Statutes (2022), provides: "If no objections to the report are served within 10 days after it is filed, the disbursements by the clerk shall stand approved as reported." Section 45.031(7)(d), Florida Statutes (2022), defines "surplus funds" or "surplus" as the "funds remaining after payment of all disbursements required by the final judgment of foreclosure and shown on the certificate of disbursements."

The trial court specifically retained jurisdiction to determine whether additional costs and fees secured by the mortgage were payable to the lender. *See Griffin v. LaSalle Bank, N.A.*, 318 So. 3d 1232, 1234 (Fla. 2020) ("In a foreclosure case, after entry of a final judgment and expiration of time to file a motion for rehearing or for a new trial, the trial court loses jurisdiction of the case . . . unless jurisdiction was reserved to address that matter . . . ." (quoting *Cent. Mortg. Co. v. Callahan*, 155 So. 3d 373, 375 (Fla. 3d DCA 2014))); *Martinez v. Giacobbe*, 951 So. 2d 902, 903 (Fla. 3d DCA 2007) (holding reservation of jurisdiction "to enter such further orders as may be proper" was sufficient to allow trial court to award post-judgment attorney's fees).

The lender moved for reimbursement of additional post-judgment expenses three days after the sale and ten days before the clerk of court issued the certificate of disbursements. The lender's motion sought court approval for the clerk of court to pay the lender additional sums secured by the mortgage. The trial court conducted a hearing on the motion for reimbursement and determined the reimbursement items and amounts were appropriately payable under the terms of the mortgage. Because the motion was filed <u>before</u> the clerk of court filed the certificate of disbursements, we hold that the trial court properly determined it had the authority to authorize payment of additional sums to the lender for post-judgment expenses incurred to protect the property and obtain a sale date after several cancellations of sale.[1] We reject the assignee's argument that because the lender did not seek to amend the final judgment, the proceeds of sale automatically became section 45.031(7)(c) "surplus funds" payable to the property owner (or an assignee of the property owner), rather than the lender.

*Conclusion*

In addition to rejecting the assignee's arguments that the remaining sale proceeds became surplus funds payable to the assignee, we also reject the assignee's arguments on appeal that additional reimbursement

---

[1] Our conclusion here is consistent with the Sixth District's determination that funds remaining after payment of the amounts listed in the foreclosure judgment do not become "surplus" until after the expiration of time to object to the certificate of disbursements. *See Asset Recovery, Inc. v. Wells Fargo Bank, N.A.*, No. 6D23-282, 2023 WL 6780034, at *2 (Fla. 6th DCA Oct. 13, 2023) (involving motion for disbursement filed forty-three days after the certificate of disbursements), *review denied sub nom. Wells Fargo Bank v. Asset Recovery, Inc.*, No. SC2023-1780, 2024 WL 2952967 (Fla. June 12, 2024).

amounts authorized by the trial court were not properly proven by evidence. Thus, we affirm the order on appeal.

*Affirmed.*

MAY and DAMOORGIAN, JJ., concur.

\*          \*          \*

***Not final until disposition of timely filed motion for rehearing.***